10351

AWTREY v. WOOD.
*IN RE* WOOD'S WILL.
(101 S. E. 920.)

1. Wills—Discretion in Admitting Evidence on Issue of Fraud Will Not Be Disturbed.—In proceedings to contest a will where the issue is fraud, much latitude in the admission of evidence is allowed to the discretion of the trial Judge, and his rulings will be reversed only for abuse of his discretion.

2. Witnesses—Testimony at Trial in Lower Court May Be Used to Impeach.—Testimony given by a witness in another Court may be used in the trial *de novo* on appeal to impeach that witness if a proper foundation is laid.

3. Evidence—Transcript of Testimony at Another Trial Must Be Proved by Stenographer.—A transcript of the testimony at a hearing in the probate Court does not prove itself at the trial on appeal in Court of Common Pleas, but it can be used only if proved by the testimony of the stenographer who took it.

4. Wills—Charge on Issue of Fraud in Procuring Execution Misleading.—In will contest proceedings where the issue was fraud in procuring the execution of the will, a modification of a requested charge as to the right to make a will excluding wife and children, by adding that it must not be done in fraud of another or in fraud of the wife and children, as misleading as permitting the jury to infer that a fraud practiced by the testator on his wife would invalidate the will.

Before Mauldin, J., Lexington, Spring term, 1919. Reversed.

M. E. Awtrey, as executor under an alleged will of John W. Wood, deceased, offered the will for probate, and Sallie E. Wood requested that the executor be required to petition for probate in solemn form. On appeal by the contestant to the Circuit Court from the decree of probate in solemn form, the jury found against the will, which was confirmed by the trial Judge, and the executor appeals.

*Messrs. Efird & Carroll, A. F. Spigner, E. L. Asbill* and *Douglas McKay,* for appellants. *Messrs. Efird & Carroll* submit: *Testimony that deceased had told respondent before*

*his marriage to her that if she would marry him she would get everything he had, was incompetent—this not being an action to establish a contract made prior to marriage—marriage being the consideration:* 87 S. C. 331, 339; 57 S. C. 559; 48 S. C. 86; 106 S. C. 519; 105 S. C. 496-497. *Where a party is charged with a fraudulent act it is always permissible for him to show by parol or otherwise his intention and good faith in the transaction:* 6 Ency. Ev. 17. *The contents of a paper, collateral or otherwise, may be proved by parol:* 59 S. C. 467, 470. *Remote transactions not admissible in evidence:* 6 Ency. Ev. 37, 38. *It was error to modify appellant's fourth and fifth requests to charge, by adding thereto the words, "provided this is not done in fraud of another"—said requests being as follows:* (4) *If you find that the paper in question was the will of the deceased, Mr. Wood, that is, that it was his will and no one else's will, and that means that if you find that the paper has in it what he wanted to put in his will, then you must find for the will.* (5) *"Where a will is executed by a person who can read and write, the mere execution of the paper raises the presumption that the testator knew its contents, but when it is shown that the testator could neither read nor write the jury must then judge from all of the evidence in the case if the testator did have knowledge of its contents. And if the jury find by the preponderance of the evidence that the testator did know at the time he signed the paper what was in it, then you must find in favor of the will:"* 107 S. C. 57.

*Mr. McKay* submits: *It was error to admit in evidence a copy of the transcript of the testimony taken in the probate Court for the purpose of contradiction:* 29 S. C. 201; 35 S. C. 473; 250f, 787; (Wis.) 56 N. W. 638; (Ind.) 22 N. E. 89; (Wash.) 56 Pac. 650; (Ind.) 7 L. R. A. 687; (Va.) 47 S. E. 850; (Ga.) 81 S. E. 817; (N. C.) 95 S. E. 770; (N. C.) 95 S. E. 360; (Tex.) 101 S. W. 813; (N. Y.) 156 N. Y. S. 534; (Iowa) 43 N. W. 194; (Mich.) 8 N. W. 917; (Ark.) 203 S. W. 692.

*Messrs. Timmerman, Graham & Callison, W. W. Hawes*
and *D. W. Robinson,* for respondent, submit: *Exception 5,*
*which is to the admitting in evidence of statements by the*
*alleged testator before his marriage as to what property he*
*had and what disposition he was going to make of it, violates*
*rule 5, sec. 6 of this Court, in that it does not:* (a) *Contain*
*a concise statement of one proposition of law or fact;* (b)
*it does not contain within itself a complete assignment of*
*error, in that it does not specifically point out the evidence*
*objected to:* 110 S. C. 165-6; 96 S. E. 250. *The case at*
*bar clearly falls within the rule which requires the pro-*
*pounders to show actual knowledge by the alleged testator*
*of the contents of the will:* 107 S. C. 63, 75; Alexander or
Wills, vol. L, sec. 409, p. 550; L. R. A. 1918d, 745, and note
and cases at pp. 747, 749, 752, 757, 759; 1 Bailey (17 S
C. L.) 96; 2 Rich. Law (31 S. C. L.) 240; Alexander on
Wills, vol. I, secs. 360, 361, 363, pp. 490-3; 28 S. E. 519;
121 N. C. 336; 51 S. E. 629-30 (Ga.); 19 S. E. 113 (Va.);
49 S. C. 168-169; Schouler on Wills, sec. 194; 6 Rich. 14;
2 Rich. 236. *Exceptions 1, 2, 3, 4 do not contain within*
*themselves a complete assignment of error, or a concise*
*statement of one proposition of law, and, therefore, do not*
*comply with rule 5, sec. 6 of this Court:* 110 S. C. 165-6;
96 S. E. 250. *Testimony which bore directly upon the rela-*
*tions which the draftsman of the will bore to the chief bene-*
*ficiaries, as also his relation to the alleged testator, was com-*
*petent:* Jones on Evidence (Second Ed.), section 842 (837);
88 S. C. 105; 73 S. C. 392; 110 S. C. 364; 96 S. E. 528;
91 S. C. 141-2; 90 S. C. 225; 57 S. C. 419, 425; L. R. A
1918d, note at pp. 768, 770, 776; 1 Bailey (17 S. C. L. 96)
*In cases of fraud, the inquiry assumes necessarily a wide*
*range:* 103 S. C. 404-406; 104 S. C. 227; 111 S. C. 41-3;
96 S. E. 698; Jones on Evidence (Second Ed.) 842 (837);
Alexander on Wills, vol. II, sec. 603, p. 910, and sec. 606, p.
914; 20 Cyc. 110; 97 S. C. 847 (S. C.). *A contract to make*
*a will, or to give property, is valid if specific and clearly*

*proven and supported by a valuable consideration:* 105 S. C.
496; 106 S. C. 532; 57 S. C. 574. *Declarations of alleged
testator at or about the time of his marriage were competent
upon the question both of knowledge and contents and of
fraud:* 57 S. C. 70-1; Alexander on Wills, vol. I, sections
360, 361, 363, pp. 492, 493. *Undue influence, capacity and
fraud often go hand in hand:* Alexander on Wills, vol. II,
sections 598, 599, pp. 904, 906; 107 S. C. 76. *The fact
that a will is unjust in itself may be considered as a circum-
stance casting the burden of proof on the propounders to
show capacity, knowledge, absence of fraud, or other invali-
dating circumstances:* Alexander on Wills, vol. II, sec. 587,
pp. 885-6; 6 L. R. A. (N. S.) 210; 197 Mo. 68; 99 S. W.
883; cases in note to R. L. A., pp. 203-4; Schouler on Wills
(3d Ed.), sec. 77; Redfield on Wills (4th Ed.), p. 518;
28 Am. & Enc. of Law (2d Ed.) 106-7, and cases;
Schouler on Wills (3d Ed.), sec. 77; 1 Underhill Wills, sec.
105. *Before one can complain that he was not allowed to
bring out testimony on cross-examination, he must show
what he expected to show by the witness:* 104 S. C. 340. *A
party cannot contradict his own witness on a matter which is
collateral and introduced merely for the purpose of impeach-
ment:* 106 S. C. 13-14; 94 S. C. 439; 94 S. C. 458. *A party
cannot impeach his own witness:* 89 S. C. 34. *Nor could
they corroborate him on a collateral·matter of this sort:* 66
S. C. 420-1. *Where evidence is conflicting and is the sub-
ject of more than one reasonable inference, it is error to
direct a verdict:* 109 S. C. 363-4; 96 S. E. 140; 109 S. —
325; 96 S. E. 183. *The credibility of a witness is always a
question for the jury:* 107 S. C. 78. *The concurring opinion
of a Judge and jury in a doubtful case would be conclusive:*
1 Bailey —. *It was perfectly competent to introduce in
evidence the transcript of testimony taken before probate
Judge:* 110 S. C. 128; 96 S. E. 480; 70 S. C. 190; 58 S. C.
75; 74 S. C. 12; 82 S. C. 156; Jones on Evidence (Second
Edition), sec. 847. *Fraud vitiates any and every transac-*

*tion and is cognizant in every Court, law or equity, where the question comes up:* 104 S. C. 227; 111 S. C. 41-3; 96 S. E. 106; — S. C. 31. *As to mental capacity:* (N. C.) 90 S. E. 3; 57 S. E. 71; Alexander on Wills, vol. I, sec. 328, p. 437.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case states:

"John W. Wood, late a resident of Lexington county, died in the town of New Brookland about December 8, 1917. On December 15, 1917, M. E. Awtrey presented to the probate Court a paper purporting to be the will of John W. Wood, offering the same for probate The same was probated in common form.

"On January 9, 1918, Sallie W. Wood, widow of John W. Wood, filed notice requesting this Court to require the executor to file a petition asking that the will be probated in solemn form. This proceeding was had in usual form in the probate Court, and, after the evidence was taken, the probate Judge, on January 17, 1919, filed a decree admitting the will to probate in solemn form.

"Thereupon, respondent herein gave notice of intention to appeal to the Circuit Court with the grounds thereof, and the case was tried *de novo* before the Court of Common Pleas for Lexington county and a jury, at the March term of Court, 1919."

The jury found against the will, and its finding was confirmed by the trial Judge.

1. The first six exceptions complained of error in the admission and exclusion of evidence. The charge is fraud, and where the charge is fraud, much latitude is allowed to the discretion of the trial Judge. We cannot say that he abused his discretion, and these exceptions are overruled. It would be manifestly unfair to

appellant for this Court to discuss the relevancy of the testimony, where a new trial must be ordered, as here. It is enough to say that the admission and exclusion of the testimony was within the discretion of the trial Judge and there was no abuse of discretion.

2. The seventh exception complains of error in allowing the contestants to introduce in evidence a transcript of the evidence taken in the probate Court, for the purpose of contradicting the witnesses for the proponents.

The record shows that the objection to the testimony was not clearly stated. One of the attorneys said: "We admit that is the original transcript of the evidence taken in the probate Court by a stenographer, but we submit that they cannot offer that to contradict a witness."

Another attorney for proponents said: "The point we are making now is that testimony given in one hearing is not competent in another hearing; that is our objection."

If the objection was that taken by the last counsel, then the objection cannot be sustained. It makes no difference whether the statement was made in that trial or any other, or whether it was made in or out of Court; if proper grounds had been laid for the contradiction, then the evidence was admissible. If, however, the objection was that the record did not prove itself and that it was necessary to put on the stand the stenographer who took the testimony, to prove that it was correct, then the objection should have been sustained and the testimony excluded until the stenographer had first testified in regard to it. The testimony was admitted "only for what it was worth," and his Honor further said: "It is a matter for that jury to say in the light of the testimony and explanation of it what they believe."

It was not taken as conclusive.

3. The eighth exception complains of error in refusing to direct a verdict in favor of the will. This exception is overruled for the reason that there was evidence to carry the case to the jury.

4. The ninth exception complains of error in adding to the third request to charge, and others, certain words: "Proponent's third request is: '(3) And so under the laws of this State, any person owning property in this State who has attained the age of maturity has a right to make a will disposing of his property as he sees fit, and if the same is properly executed and he so provides in the will, he may thereby cut his wife and children out of any or all of his property to take effect after his death.' I charge you that with this addition: Provided that this is not done in fraud of another or in fraud of such wife or children."

This charge was at least misleading. In *Prater v. Whittle,* 16 S. C. 46, we read:

"1 Wms. Ex. 185; *Jolliffe v. Fanning & Phillips,* 10 Rich. 200. In this case Judge Withers said: 'If the paper be duly executed by one competent, agreeably to the forms prescribed and in the presence of the requisite number of credible witnesses, and contain the revocation of all prior wills and the appointment of an executor (as the testamentary paper before us does), and be silent in fact or for want of validity as to all other matters, it is a will, and must be admitted to probate accordingly.'"

If the charge was intended to refer to an alleged fraud practiced on Mr. Wood, then the charge was correct.

If the charge was intended to refer to an alleged fraud practiced by Mr. Wood on Mrs. Wood, then the charge was error, because that question cannot be determined in this proceeding. This exception is sustained, because the charge is misleading.

The judgment is reversed, and a new trial ordered.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and WATTS concur.

MR. JUSTICE GAGE, *dissenting in part.* I agree with the leading opinion until it comes to consider the ninth exception. That exception, in my judgment, ought not to be sustained.

There were, of course, no pleadings; and it is, therefore, not apparent from that source what exact issue of fraud was made at the trial; but it is manifest from the whole case that it was never contended by the widow, Mrs. Wood, that the testator's failure in his will to make provision for her was of itself a fraud upon her; the contention throughout was that Trotti's fraud on Wood led to that untoward result.

So much explicitly appears in what the Court charged the jury about the proponent's fourth request. The Court said:

" 'If you find that the paper in question was the will of the deceased, Mr. Wood, that is, that it was his will, and no one else's will. and that means that if you find that paper has in it what he wanted to put in his will, then you must find for the will.' That is correct, and I have added, if it was the *bona fide* act, that independent expression of what he wanted put in it, and that element of fraud did not enter into the transaction to effect or induce it. With that modification or addition, I charge you that fourth request."

Throughout the case the widow contended that the testator had not made the will in issue, and did not know the contents of it, because Trotti had deceived him into making it, if he did indeed make it.