12706.

NICHOLS v. CONGAREE FERTILIZER CO.

(149 S. E., 162)

*Messrs. Melton & Belser,* for appellant,

*Mr. C. T. Graydon,* for respondent,

July 23, 1929.

The opinion of the Court was delivered by Mr. Justice Stabler.

This is an action for damages for personal injuries which the plaintiff claims to have suffered as a result of the defendant's negligence and willfulness.

The complaint alleges that the defendant company owns and operates certain fertilizer mills in the County of Richland; that on February 24, 1927, the plaintiff who was at that time an employee of the defendant was ordered by his superior officer to go up into the loft of the building where he was at work, along a certain runway, and to move a motor to another part of the building, and that, acting under these orders, he proceeded to go where he was sent; that he was not acquainted with the condition of the loft, and did not know that it was unsafe and unfit for a person to walk upon, and did not know that the building had been allowed to leak and water to run on the runway, so that it was slick and unsafe to walk or to move the motor on; that he slipped and fell upon the runway, and was thereby injured in and about his stomach and other parts of his body, from which he suffered great pain and was put to much loss of time, medical expense, doctor's bills, etc. Specifications of defendant's negligence and willfulness, as the cause of plaintiff's alleged injuries, were pleaded with particularity.

The defendant answered, interposing a general denial and pleading the defenses of contributory negligence and assumption of risk.

The case was tried in the County Court of Richland County, January 30, 1928, and resulted in a verdict for the plaintiff for $1,000 actual damages. Motions for a directed verdict and a new trial were overruled by the Court. The defendant appeals.

By the first and second exceptions, the appellant imputes error to the Court in charging the law as to contributory

negligence and as to assumption of risk, contending that the instructions given were misleading and confusing, on account of being vague and too general and not sufficiently specific or applicable to the issues of the case, and particularly in that, as to contributory negligence, "the Court failed to advise the jury that it was the duty of the plaintiff to exercise proper care and caution in the alleged use of the runway," and as to assumption of risk, "the Court failed to advise the jury that the plaintiff might be held to have assumed the risk as to the alleged dangerous, wet and slippery condition of the runway, depending on the condition of the said runway and his knowledge of the same."

These exceptions are without merit. The Court made a general and comprehensive charge of the law applicable to the issues made by the pleadings and the evidence; and what he said with respect to contributory negligence and assumption of risk could not possibly have misled or confused the jury. In fact, the charge on these questions was unusually clear. If counsel for the defendant thought it was too general, he should have requested more specific instructions. *Easler v. Railway Co.*, 59 S. C., 311, 37 S. E., 938; *Machine Co. v. Browning*, 70 S. C., 148, 49 S. E., 325; *Case v. Railway Co.*, 107 S. C., 216, 92 S. E., 472; *Cafeteria v. Insurance Co.*, 128 S. C., 209, 122 S. E., 580.

Nor do we think that the Court erred in charging the jury as complained of by the third exception. This portion of the charge was as follows: "Now, there would be no damages to punish anybody—you are not to find any punitive damages, but if you decide that he is entitled to any damages, it would be what is known in law as actual damages and actual damages is an amount that would reasonably compensate him and in considering that you should take into consideration and place a money value on his injury to the body, whether it is temporary or a permanent injury, find out which. He is entitled to a loss of earning capacity, loss of time, when he was laid up, doctor's bills, medical expenses,

if any, and as one cannot sue but one time in Court, you not only should take into consideration his damages for suffering up to now, but you will have to go into the future and see if he will suffer in the future—keeping in mind that when you go out in the future, you cannot guess what he might suffer, but any that you reasonably believe he will of necessity suffer in the future as a direct result of defendant's wrong, if defendant did him wrong. It is for you to put a reasonable value on it and include that in your verdict."

The appellant urges that this instruction "amounted to a direction to the jury to find the defendant liable to the plaintiff for actual damages, including loss of earning capacity, loss of time, doctor's bills and medical expenses, whereas it is respectfully submitted there was no proper evidence of any such elements of damage actually sustained by the plaintiff, and such charge amounted to a charge on the facts and infringed the constitutional functions of the jury."

We do not agree with this contention. The charge objected to was a correct statement of the law applicable to the issues made in the cause. The Court did not instruct the jury that they should find defendant liable for actual damages, but charged them that, if they decided plaintiff was entitled to anything at all, only actual damages were recoverable, and then proceeded to instruct them as to the elements they might consider in assessing such damages.

It is true, as stated by appellant, that "it was a closely contested issue in the case * * * whether plaintiff's condition and sufferings * * * were in any way due to any negligence on the part of defendant or in consequence of a fall received by plaintiff while in defendant's employ"; still there was evidence, if believed, from which the jury might conclude that the defendant was negligent in one or more of the particulars alleged in the complaint, and that as a result of such negligence the plaintiff sustained injuries, from which he suffered damage and loss as complained of,

and such evidence justified the Court in making the charge to which appellant objects.

While there was no evidence as to the amount of the doctor's bill, there was testimony that the plaintiff employed a physician to treat his injuries and that he owed him for such professional services. Hence, under the case of *Farley v. Basket & Veneer Co.*, 51 S. C., 222, 241, 28 S. E., 193, 199, the question of medical expenses, including doctor's bills, was properly submitted to the jury. It was held in that case, though not in accord with the great weight of authority, that, where the testimony is "to the effect that the plaintiff employed physicians, who rendered him professional services, for which the law implied a liability on his part for reasonable compensation," it was proper to instruct the jury that he was entitled to recover for medical expenses.

The complaint that this instruction "amounted to a charge on the facts" is also without merit. The elements of damage which the Court told the jury they might consider have universal judicial recognition; it is difficult, therefore, to conceive how the charge "infringed the constitutional functions of the jury." Nor has counsel for appellant suggested in his argument any view by which such a conclusion might properly be reached.

Further, when the charge is considered in its entirety, it is seen that the jury were instructed as favorably to the defendant company as it had a right to expect or demand. The Court told them that the plaintiff, in the last analysis, was entitled only to reasonable compensation for whatever damages might reasonably flow from defendant's wrong and nothing else, if the defendant did him any wrong.

After the Court had charged the jury, and they had retired to consider the case, counsel for the defendant made a motion for a directed verdict, as follows: "After listening to your Honor's charge, it seems to me I ought to make a motion for a direction of verdict, in view

of the fact that this boy had gone up this runway himself and then tried to come back down, it seems to me, under the proof and the law which your Honor charged, it is necessarily either an assumption of risk on his part or contributory negligence." The Court refused the motion, without ruling as to whether it was made too late or not, and the appellant imputes error by its fourth exception.

The proper time to make a motion for a directed verdict is at the close of all the testimony and before the Court has charged the jury. When such a motion is made after the jury has been charged, the movant is not entitled, as a matter of right, to have it considered. The Court may pass upon it, however, in its discretion. In the case at bar, as the trial Judge, in the exercise of his discretion, considered the motion and refused to grant it, the question whether or not he committed error is properly before this Court.

In considering this assignment of error, it will be necessary to briefly review some of the testimony.

The plaintiff was the only witness for himself. He testified that he was employed by the defendant as a machinist helper, and worked under the direction and control of his superior officer, one M. O. Nichols; that, being directed by Nichols to bring down a chain hoist from the loft, he went up the runway beside the elevator, which was the usual way when working on the elevator; that if, after reaching the loft and securing the chain hoist, he had attempted to descend by the stairway, which was some distance from the runway, in reaching it he would have had to pass along a very narrow track, which would have been more dangerous than returning by the runway; that, in going back down the runway with the chain hoist, he stepped on a wet spot, slipped, and fell; that this spot was caused by water leaking through the top of the building, and he did not know it was there.

A number of witnesses testified for the defendant, the testimony tending to show that the runway was built and

used for oiling and attending to the elevator; that the plaintiff knew as much about the runway as anybody else, as he was there before it was built; that the stairway, which was about 4 feet wide, was a better way to bring the chain hoist down, but that both ways were considered safe, and the plaintiff could go either way, as he had his choice. It was admitted that there were leaks in the building and that such leaks created a slippery condition on the runway.

Under the conflicting testimony, the questions of contributory negligence and assumption of risk were properly submitted to the jury. The Court, as a matter of law, could not have directed a verdict for the defendant upon either of these grounds.

Appellant's motion for a new trial was made upon the same grounds as those upon which he moved for a directed verdict, and upon the additional ground that the evidence was not sufficient to justify the verdict. It is enough to say, in addition to what we have already said, that the Court committed no error of law in refusing the motion.

All exceptions are overruled, and the judgment of the County Court of Richland County is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.