17092

GEORGE ANDERSON, Respondent, v. JOHN ELLIOTT, JR., Appellant

(90 S. E. (2d) 367)

372

*Messrs. Royall & Wright* and *William H. Blackwell,* of Florence, *for Appellant,*

*Messrs. Yarborough & McGowan,* of Florence, *for Respondent,*

November 28, 1955.

J. WOODROW LEWIS, Acting Associate Justice.

The plaintiff-respondent brought this action in the Civil Court of Florence to recover actual and punitive damages for personal injuries and property damage sustained in a collision between the respondent's mule and wagon and an automobile owned and driven by the appellant.

Upon the trial of the case, the jury returned a verdict for the respondent for the sum of four thousand ($4,000.00) dollars, actual damages, the question of punitive damages having been eliminated by the court. Motions for judgment *non obstante veredicto,* and, in the alternative, for a new trial were denied and this appeal followed.

The first question for determination relates to the alleged excessiveness of the verdict. The appellant contends that the verdict of the jury in the amount of four thousand ($4,000-.00) dollars, actual damages, was so grossly excessive as to show that it was the result of caprice, passion, or prejudice, and that he is entitled to a new trial upon that ground.

We are limited in our view of the verdict for alleged excessiveness to a determination of whether under the evidence in this case the verdict of the jury is "so shockingly excessive as manifestly to show that the jury was actuated by passion, partiality, prejudice or corruption." *Mock v. Atlantic Coast Line Railroad Co.,* 227 S. C. 245, 87 S. E. (2d) 830, 839 (concurring opinion of Justice Legge). See: *Vernon v. Atlantic Coast Line Railroad Co.,* 221 S. C. 376, 70 S. E. (2d) 862. *Bowers v. Charleston & W. C. Ry. Co.,* 210 S. C. 367, 376, 42 S. E. (2d) 705.

The respondent, a negro man, was 67 years of age at the time of the accident in May, 1953. When the collision

occurred the respondent with his wife and children was proceeding in his wagon along Malloy Street in the city of Florence. He was knocked from the wagon by the impact. He testified that his mule was knocked loose from the wagon, and, in his language, "the wagon turned over and wasted us all out on the street." The wagon was demolished and, while the respondent's mule was not killed, the future usefulness of the mule has been rendered extremely doubt-ful.

As to the respondent's personal injuries, he says that he received injuries to his foot, shoulder and back, which still incapacitated him at the time of the trial in November, 1954, approximately eighteen months after the collision. He describes his present condition resulting from the accident as follows: "Oh, I just am all balled up, I am no good, I am broke-up right now—I mean I am hardly able to hardly do nothing much. Sometimes I can't hardly turn over in my bed; sometimes I can't hardly put my clothes on. My wife and children have to help me put them on.—I goes with pain all over my body and through here, especially, and in the back and then this leg, I can't half get about on it. This same left leg here, and sometimes it swole up on me in the daytime and sometimes in the night time it swoles up on me.—I have to keep some kinds of old plaster to my back and rubs, from time to time. * * * Plasters, they put hot things to my back, and alcohol and rubs it with different rubs, that is the way I get along in this world now." His testimony was corroborated by his wife who testified that the respondent, prior to the accident, was "all right, there wasn't nothing wrong with him" and that he was able to work before his injury. With reference to his ability to work since the accident, his wife said that "sometimes he can't get up in the mornings and you almost have to almost pull him up sometimes, he ain't no good, he don't do nothing and furthermore, everybody knows he don't work, me and the children have to do the work."

The respondent was not hospitalized for his injuries, but was carried to a doctor immediately after the collision. He continued to receive medical attention for some time, making fifteen or twenty trips to the doctor. The doctor was not called to testify and the only testimony as to the respondent's injuries and his resulting disability was given by him and his wife.

The respondent had previously "worked for the railroad" for approximately thirty years, but apparently at the time of his injury was not employed and did not show any loss of earnings. The elements of his damage, therefore, are the loss of his wagon, damage to his mule, personal injury and the resulting pain and suffering, and medical bills.

■ It has been repeatedly held that the assessment of unliquidated damages must rest in the sound discretion of the jury, controlled by the discretionary power of the trial judge. A determination of the amount to be awarded for personal injury and the resulting pain and suffering cannot be determined from evidence of value, for there is no market value on such items. The facts of each case determine the value to be placed on such elements of damage. While, in this case, respondent did not describe his injuries and damage in medical terms, the jury evidently came to the conclusion that his injury and damage were substantial and understood the old negro's meaning when he said that he was "all balled up" from the accident. We have carefully reviewed the record in this case and, while the verdict may, as stated by the trial judge, be a full one, we cannot say that the amount awarded indicated caprice, passion or prejudice on the part of the jury.

■ Error is next charged in the refusal of the trial judge to permit the use of testimony of the respondent and a witness Tom Davis, given in a previous trial involving the same accident, to be used in cross examination of these witnesses to contradict and impeach their testimony in the present case. The trial jury refused to per-

mit the prior testimony to be used in the trial of this case for the purposes of contradicting and impeaching their testimony, which ordinarily would constitute error. See: *Lineberger v. City of Greenville,* 178 S. C. 47, 182 S. E. 101; *Awtrey v. Wood,* 113 S. C. 309, 101 S. E. 920, 921. Error, however, to be reversible must be material and prejudicial to the substantial rights of the appellant. The exercise of the right to cross examine a witness as to previous statements made, for the purpose of contradiction, must be founded on the existence and showing of a material variance between the statements made on the two occasions. For without such showing of variance in the statements or testimony it could not form the basis of a contradiction. 70 C. J. 1054, Sec. 1241. A careful examination of the testimony of the witnesses given at the prior trial with that in the present case reveals no material variance in their testimony, and, under such circumstances, the ruling of the trial judge resulted in no prejudice to the appellant.

The third question relates to the refusal by the trial judge to instruct the jury at the request of the appellant that "contributory negligence to any degree defeats recovery." The jury was instructed fully as to the law applicable to the defense of contributory negligence. While the exact words requested by appellant were not used, we think that, taking the charge as a whole, it fully and amply presented the law to the jury and no prejudice resulted from the failure to charge as requested by the appellant.

Lastly, the appellant contends that it was error for the trial judge to instruct the jury that in determining what damages, if any, were sustained by the respondent only nominal damages could be awarded to him for medical expenses since there was no evidence of the amount of any medical bill.

During the trial the respondent testified that he was treated by Dr. Beck following the accident, and that he

owed the doctor one hundred fifty ($150.00) dollars for services. It developed on cross examination that the bill from Dr. Beck included treatment of respondent, his wife, and children for injuries received in the accident, and that he did not know how much he owed for his own treatment. On motion of the appellant the testimony regarding the doctor's bill was stricken. In the charge to the jury the trial judge instructed them that if they found the respondent to be entitled to anything on account of medical expense they would be limited in their consideration of that element of damage to merely a nominal sum. The jury was further instructed that they "couldn't find any substantial amount of damage for him on account of medical expense because he hasn't produced evidence to show what the expense was."

It is difficult to determine the basis of appellant's claimed prejudice from the foregoing instructions to the jury. The jury had before it the testimony of the respondent that he was treated by the doctor some fifteen or twenty times, during which x-ray pictures were made of his back and shoulder. This was evidence upon which the jury could have based a finding as to medical expenses. The following from the case of *Nichols v. Congaree Fertilizer Co.,* 151 S. C. 417, 149 S. E. 162, 163, is applicable: "While there was no evidence as to the amount of the doctor's bill, there was testimony that the plaintiff employed a physician to treat his injuries and that he owed him for such professional services. Hence, under the case of *Farley v. [Charleston] Basket & Veneer Co.,* 51 S. C. 222, 241, 28 S. E. 193, 199, [401] the question of medical expenses, including doctor's bills was properly submitted to the jury. It was held in that case, though not in accord with the great weight of authority, that, where the testimony is 'to the effect that the plaintiff employed physicians, who rendered him professional services, for which the law implied a liability on his part for reasonable compensation,' it was proper to instruct the jury that he was entitled to recover for medical expenses." See

also: *Jeffords v. Florence County,* 165 S. C. 15, 162 S. E. 574, 81 A. L. R. 313.

The instructions of the court limited the jury to an allowance of only nominal damages for medical expenses, which, under the foregoing cases, was a more favorable charge for the appellant than he was entitled to receive. He has, therefore, no ground for complaint.

All exceptions are overruled and judgment affirmed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.