**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rhajon Akeem Reshae Sanders, Appellant.

Appellate Case No. 2016-001785

Appeal From Charleston County
W. Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2019-UP-100
Heard December 3, 2018 – Filed March 6, 2019

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** In this criminal appeal, Rhajon Akeem Reshae Sanders appeals his convictions of attempted murder and possession of a weapon during the commission of a violent crime. On appeal, Sanders argues the circuit court erred

in (1) failing to give an "act on appearances" charge to the jury, (2) excluding testimony regarding the dangerous nature of the neighborhood where the shooting occurred, (3) refusing to allow Sanders to refer to "high crime" neighborhood evidence through inferences during his closing argument, (4) failing to give a "no duty to retreat" charge to the jury, (5) confusing the jury as to the burden of proof in its self-defense charge, (6) overruling his objection to the State's questioning regarding whether police found drugs in his home, and (7) excluding Nicholas Washington's (Victim) prior inconsistent statement offered as extrinsic impeachment evidence. We affirm.

1. We find the circuit court did not err in refusing to give Sanders' requested act on appearances charge. In charging self-defense, the circuit court should consider "the facts and circumstances of the case at bar in order to fashion an appropriate charge." *State v. Fuller*, 297 S.C. 440, 443, 377 S.E.2d 328, 330 (1989). In this case, neither Sanders nor Victim knew each other. Sanders testified there had never been any issues, problems, threats, or altercations between him and Victim prior to the shooting. On the night of the shooting, Victim testified he was standing outside smoking. Sanders initiated the contact with Victim when he waved across the street at Victim, called out to Victim, and stepped off his porch towards Victim before ultimately firing his weapon when Victim reached into his waistband. Sanders admitted he never saw a weapon or any other type of shiny object on Victim. We find the circuit court correctly determined an act on appearances charge did not fit the facts and circumstances of this case. *See State v. Lee*, 298 S.C. 362, 364, 380 S.E.2d 834, 836 (1989) ("The [circuit court] should charge only the law applicable to the case as the purpose of jury instructions is to enlighten the jury.") (citation omitted).

Moreover, even if we found the circuit court erred in refusing Sanders' requested act on appearances charge, the error is not reversible because Sanders suffered no prejudice. *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010) ("To warrant reversal, a [circuit court]'s refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."). Although it rejected Sanders' specific charge, the circuit court did issue the following charge as part of its self-defense instruction:

> The defendant has the right to use so much force as
> appeared to be necessary for complete self[-]protection in
> which a person of ordinary means and firmness would
> have believed to be needed to prevent death or serious
> bodily injury.

Although the circuit court's instruction did not contain the identical verbiage as the instruction requested by Sanders, we find its instruction was substantially correct and covered the substance of the law requested by Sanders. *See id.* at 478, 697 S.E.2d at 583 ("A jury charge that is substantially correct and covers the law does not require reversal."); *State v. Adkins*, 353 S.C. 312, 318–19, 577 S.E.2d 460, 464 (Ct. App. 2003) ("The substance of the law is what must be charged to the jury, not any particular verbiage."). Therefore, we affirm the circuit court's refusal to give Sanders' requested act on appearances charge.

2. We find the circuit court did not abuse its discretion in excluding the high crime neighborhood evidence Sanders sought to admit. *See State v. Aleksey*, 343 S.C. 20, 35, 538 S.E.2d 248, 256 (2000) ("The [circuit court] is given broad discretion in ruling on questions concerning the relevancy of evidence, and [its] decision will be reversed only if there is a clear abuse of discretion."). Throughout his trial, Sanders repeatedly attempted to elicit testimony from witnesses about the level of crime in his neighborhood. Each time, the circuit court sustained the State's objections to this questioning as irrelevant. Sanders attempted to introduce this evidence to foster his theory that he shot Victim in self-defense based on his general fear of the community. However, the elements of self-defense are inherently specific to the person perceiving fear and the distinct circumstances causing that fear. *See State v. Davis*, 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984) (per curiam) ("[T]he *defendant* must have actually believed *he* was in imminent danger of losing *his* life or sustaining serious bodily injury . . . . If the defendant actually was in imminent danger, the *circumstances* were such as would warrant a man of ordinary prudence, firmness[,] and courage to strike the fatal blow.") (emphasis added). We find an accused's general fear of the community is not a relevant factor in a self-defense claim arising out of a very specific set of circumstances. *See State v. Sweat*, 362 S.C. 117, 127, 606 S.E.2d 508, 513 (Ct. App. 2004) ("Evidence is admissible if 'logically relevant' to establish a material fact or element of the crime."). The objective evidence and testimony in this case showed that Sanders shot Victim because the street was dark, Victim wore dark clothing, Victim threw down his cigarette before taking steps towards Sanders, and Victim reached into his waistband. We find the circuit court did not abuse its discretion in excluding the subjective high crime neighborhood evidence as irrelevant.

3. We find the circuit court did not abuse its discretion in prohibiting Sanders from referencing the neighborhood's alleged dangerous nature during his closing argument. *See State v. Finklea*, 388 S.C. 379, 385, 697 S.E.2d 543, 547 (2010) ("A [circuit court] is vested with broad discretion in dealing with the range and

propriety of closing arguments and ordinarily [its] rulings on such matters will not be disturbed.").  The defendant's closing argument is confined to statements pertaining to the evidence in the record and any *reasonable* inferences that may be drawn from the facts in evidence.  *State v. Durden*, 264 S.C. 86, 92, 212 S.E.2d 587, 590 (1975); *State v. Huggins*, 325 S.C. 103, 107, 481 S.E.2d 114, 116 (1997); 23A C.J.S. *Trial and Incidental Proceedings* § 1752 (2016).  Because the circuit court repeatedly sustained the State's relevance objections to this evidence during the trial, allowing Sanders to reference this evidence for the first time during closing argument may have confused the jury in their consideration of his case.  *See* Rule 403, SCRE ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury . . . .").  We also find that referring to the neighborhood's "crime infested character" is not a reasonable inference that can be drawn from the facts in evidence.  The only testimony related to the neighborhood—on the record without objection—was Victim's testimony that a friend of his was recently killed in the neighborhood.  A single homicide in the neighborhood is not sufficient to create a reasonable inference that the entire neighborhood is dangerous, unsafe, or "crime infested."  *See Hoeffner v. The Citadel*, 311 S.C. 361, 366, 429 S.E.2d 190, 193 (1993) ("Arguments by counsel which invite the jury to base its verdict on considerations not relevant to the merits of the case are improper.").  We affirm as to this issue.

4.  We find the circuit court correctly refused to charge the jury with Sanders' requested "no duty to retreat" charge because the evidence presented at trial does not support the requested charge.  *See State v. Marin*, 404 S.C. 615, 619, 745 S.E.2d 148, 151 (Ct. App. 2013), *aff'd as modified*, 415 S.C. 475, 783 S.E.2d 808 (2016) ("This court will not reverse a [circuit] court's decision to refuse a specific request to charge unless the [circuit] court committed an error of law.").  In order to claim immunity from the law of retreat, an accused must demonstrate that he was attacked on his own premises without fault on his part.  *See State v. Long*, 325 S.C. 59, 62, 480 S.E.2d 62, 63 (1997) (explaining the exception to the duty to retreat element of self-defense).  Here, although Sanders was standing in his yard when he opened fire on Victim, the evidence showed Sanders fired multiple rounds across the street and struck Victim in the leg while Victim was either on the sidewalk or a couple steps into the street.  There is no evidence that indicated Victim ever accosted Sanders on his property or that Victim even approached Sanders' property.  Moreover, immunity from the law of retreat is "predicated on the absence of aggression or fault" on the part of the accused seeking the doctrine's immunity.  *State v. Grantham*, 224 S.C. 41, 44, 77 S.E.2d 291, 292 (1953).  The evidence in this case indicates Sanders, not Victim, initiated the incident when he

waved across the street at Victim, called out to Victim, and stepped off his porch towards Victim, before ultimately firing his weapon when Victim reached into his waistband. We find Sanders was not without fault in initiating the incident and the evidence presented did not support the requested charge. Accordingly, we affirm as to this issue.

5. We find the circuit court properly charged the jury regarding the burden of proving self-defense. *See Marin*, 404 S.C. at 619, 745 S.E.2d at 151 ("The [circuit] court is required to charge the correct law applicable to the case."). Sanders contends the circuit court's use of the language "if [self-defense] is established you must find the defendant not guilty," improperly led the jury to believe that Sanders, not the State, had the burden of proving the elements of self-defense.[1] However, in the sentence immediately following the language at issue, the circuit court stated, "The State has the burden of disproving self-defense by proof beyond a reasonable doubt . . . ." When viewed as a whole in light of the evidence and issues presented at trial, we find the charge was substantially correct and charged the appropriate law based on the facts and circumstances of the case. *State v. Harris*, 382 S.C. 107, 113–14, 674 S.E.2d 532, 535 (Ct. App. 2009) ("On review, an appellate court considers the charge as a whole in view of the evidence and issues presented at trial . . . a [circuit] court's jury charge that is substantially correct and covers the law does not require reversal."). We affirm as to this issue.

6. Sanders' sixth issue as to whether the circuit court erred in overruling his objection to the State's line of questioning about whether police found drugs in his home is not preserved for appellate review. Although Sanders objected to the State's questions, he never placed the specific reasons for his objection on the record. *See State v. Johnson*, 363 S.C. 53, 58–59, 609 S.E.2d 520, 523 (2005) ("[A party's] objection should be addressed to the circuit court in a sufficiently specific manner that brings attention to the exact error. If a party fails to properly object, the party is procedurally barred from raising the issue on appeal.") (internal citations omitted); *c.f. State v. King*, 424 S.C. 188, 200, 818 S.E.2d 204, 210 (2018) (finding an objection citing a rule of evidence preserved the issue for review because the defendant's argument was sufficiently specific and apparent

---

[1] We note the specific language Sanders objected to in the circuit court's instruction is the language Sanders requested in his own charges submitted to the circuit court during the charge conference. *See State v. Stroman*, 281 S.C. 508, 513, 316 S.E.2d 395, 399 (1984) ("[A] party 'cannot complain of an error which his own conduct has induced.'" (quoting *State v. Worthy*, 239 S.C. 449, 465, 123 S.E.2d 835 (1962))).

from the context of the objection).  Moreover, the circuit court allowed Sanders to place previously raised objections and bench conference discussions on the record through the form of a post-trial motion.  Sanders filed a post-trial motion citing his objections, the court's rulings, and the court's off-the-record discussions about his objections; however, he failed to include any information about this objection to the State's line of questioning regarding whether police found drugs in his home.  Therefore, we find this issue is not preserved for appellate review.

7.  We find the circuit court did not abuse its discretion by finding Sanders failed to lay a proper foundation for the admission of Victim's prior statement to police as extrinsic impeachment evidence.  *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission [or exclusion] of evidence is within the discretion of the [circuit] court and will not be reversed absent an abuse of discretion.").  "Rule 613(b), [, SCRE] explicates the procedure for impeachment by a prior inconsistent statement and requires laying the foundation." *State v. McLeod*, 362 S.C. 73, 81, 606 S.E.2d 215, 219 (Ct. App. 2004).  "Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is advised of the substance of the statement, the time and place it was allegedly made, and the person to whom it was made, and is given the opportunity to explain or deny the statement."  Rule 613(b), SCRE.  Here, Sanders failed to identify any inconsistencies between Victim's trial testimony and Victim's statements to police.  Therefore, Sanders had no foundation on which to seek admission of Victim's prior statements to police as extrinsic impeachment evidence.  *See Anderson v. Elliot*, 228 S.C. 371, 376, 90 S.E.2d 367, 369 (1955) ("The exercise of the right to cross-examine a witness as to previous statements made, for the purpose of contradiction, must be founded on the existence and showing of a material variance between the statements made on the two occasions. For without such showing of variance in the statements *or* testimony it could not form the basis of a contradiction.") (emphasis added).  We affirm as to this issue.

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**