## 18851

Alvin LIVINGSTON, Plaintiff-Respondent, v. Mrs. Theda C. OAKMAN, Defendant-Appellant

(164 S. E. (2d) 758)

*Messrs. Young, Clement & Rivers,* of Charleston, *for Appellant,*

*Messrs. Pritchard, Myers & Morrison,* of Charleston, *for Respondent,*

December 12, 1968.

LEWIS, Justice:

This case arose out of an intersectional automobile collision and resulted in a verdict for plaintiff, from which defendant has prosecuted this appeal. During the trial, defendant's counterclaim and defenses of contributory negligence and recklessness were upon motion, dismissed by the trial judge upon the ground that there was no evidence to sustain them and the case was submitted to the jury only upon the issue of defendant's actionable negligence or recklessness. Only the rulings with reference to the counterclaim and defenses of contributory negligence and recklessness are challenged in this appeal.

Under the pleadings, the questions as to the negligence and recklessness of the parties involved, generally, a determination of whether a proper look-out was maintained, whether the speed of the vehicles was excessive or unlawful, and whether the parties complied with the applicable statutes or ordinances regulating the operation of motor vehicles at the intersection. The record does not call attention to any city ordinance controlling the movement of traffic at intersections, but the applicable statute is found in Section 46-423 of the 1962 Code of Laws.

The collision in question occurred on June 24, 1965, at the intersection of Beaufain and Smith Streets in the City of Charleston, South Carolina, between an automobile being driven by plaintiff in a westerly direction on Beaufain and one driven by defendant in a southerly direction on Smith.

Beaufain Street, upon which plaintiff was traveling, was the favored street and traffic from Smith Street, upon which defendant was traveling, was required to stop before entering Beaufain in obedience to an official stop sign. There was testimony that Beaufain Street was approximately twenty-eight feet wide, that the speed limit was twenty-five miles per hour, and that there were obstructions to the view of a motorist at the intersection.

Defendant testified that, after stopping, she entered the intersection slowly because of obstructions to her view; and that when her vehicle had proceeded into the intersection a distance of approximately ten feet, it was struck on the left front door by plaintiff's automobile which was traveling at a speed of 35 to 40 miles per hour. She further testified that she saw plaintiff's vehicle for only "an instant" before the collision, and that it was a "heavy impact," inflicting damage to her 1965 Chevrolet automobile in the amount of $1,086-:00. After the impact, plaintiff's automobile proceeded across the street and struck a house damaging the foundation thereof. Plaintiff, a taxi cab operator, was heard to say that he was on a "hurry up call" at the time of the collision.

Plaintiff argues that the estimate of speed given by defendant is of no probative value and should be disregarded, even though unobjected to, because defendant's momentary view of plaintiff's car before the collision was insufficient to form the basis for a competent opinion as to speed. The short answer to the argument is that defendant's estimate of speed was not based solely on her observation of the plaintiff's vehicle before the collision but also upon the nature and extent of the impact experienced by her.

In the case of *Lynch v. Pee Dee Express, Inc.*, 204 S. C. 537, 30 S. E. (2d) 449, similar testimony as to speed was held admissible. There two witnesses testified that defendant's truck was traveling at a rate of about 50 miles per hour. Neither saw the truck until it "darted out" in front of them and the collision occurred. In disposing of an argument that

such testimony as to speed was of no value the court held, in effect, that the limited opportunity of the witnesses to observe the vehicle before the collision did not render the testimony inadmissable in view of the other circumstances. The ruling was as follows:

"Defendant further suggests that plaintiff and his driver were in no position to judge the speed of the truck. It is true that their opportunity for observation before the collision was limited. But they saw the vehicles as they crashed and their subsequent movements. We cannot say that this testimony as to the speed of the truck is without probative value."

The probative value of the testimony of defendant as to speed was for the jury to determine. Defendant not only saw the plaintiff's car immediately before the collision but she experienced the impact and observed the subsequent movements of the vehicles. In addition, however, there was other testimony which had a bearing upon the issue of speed, such as the force of the impact and damage to the automobiles, their subsequent movement, and plaintiff's statement that he was on a "hurry up call" at the time.

We are of the opinion that, under all of the evidence, the issues arising under defendant's counterclaim and plea of contributory negligence or recklessness were matters which could not be properly determined by the court as a matter of law and should have been submitted to the jury to determine along with the other issues in the case. While there was testimony to the contrary, the evidence was sufficient to sustain an inference that plaintiff was proceeding through the intersection (1) in violation of the laws regulating traffic at a stop intersection, (2) at an excessive and unlawful rate of speed, and (3) without keeping a proper look-out. See: *Neese v. Toms,* 196 S. C. 67, 12 S. E. (2d) 859; *Lynch v. Pee Dee Express, Inc., supra,* 204 S. C. 537, 30 S. E. (2d) 449.

Reversed and remanded for a new trial.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.