**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Chad Morris, Appellant.

Appellate Case No. 2016-001713

Appeal From Clarendon County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2019-UP-224
Submitted May 1, 2019 – Filed June 26, 2019

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Deputy Attorney General Donald J. Zelenka, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v.*

*Singleton*, 395 S.C. 6, 13, 716 S.E.2d 332, 335-36 (Ct. App. 2011) ("To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice . . . ." (quoting *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005))); Rule 701, SCRE (providing a lay witness may testify "in the form of . . . opinions or inferences which (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training"); *Livingston v. Oakman*, 251 S.C. 611, 614, 164 S.E.2d 758, 759 (1968) (permitting a lay witness who perceived vehicle prior to a collision to testify to the speed of a moving vehicle); *Lynch v. Pee Dee Express*, 204 S.C. 537, 544, 30 S.E.2d 449, 450 (1944) (permitting lay witness testimony of the speed of the defendant's truck); S.C. Code Ann. § 50-21-110(B) (2008) ("Negligent operation includes, but is not limited to, operating a water device at more than idle speed in a no wake zone, failing to maintain a proper lookout for other boats or persons, operating too fast for conditions on the water, racing, or pulling a skier through a designated swimming area.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.