### 19590

Danny Brannan WILSON, by his Guardian ad Litem, D. M. Wilson, Jr., Respondent, v. Jack L. MARSHALL, Executor of the Estate of Margaret Boykin Clyburn, et al., Appellants.

(195 S. E. (2d) 610)

*Messrs. Belser, Kemmerlin & Ravenel,* of Columbia, and *Savage, Royal, Kinard and Sheheen,* of Camden, *for Appellants*

*Messrs. James P. Mozingo, III,* deceased, *Baker & Etheridge,* of Darlington, and *Kenneth Holland,* of Camden, *for Respondent,*

March 20, 1973.

BUSSEY, Justice:

In this action plaintiff recovered a verdict for actual damages in the amount of $100,000.00, for personal injuries sustained in an intersectional automobile collision. The answer of the defendants pled contributory negligence, recklessness, willfulness and wantonness on the part of the plaintiff in certain particulars. At the conclusion of the evidence, plaintiff moved for a directed verdict for actual and punitive damages, contending that the evidence was susceptible of no other inference than that his injuries were proximately caused by the negligence and recklessness of the defendants' testates and further that no reasonable inference could be drawn from the evidence that any conduct

on the part of the plaintiff could have been a proximate cause of the injuries which he sustained. The court granted plaintiff's motion for a directed verdict as to actual damages, thus taking from the jury the issue of any contributory negligence or willfulness on the part of the plaintiff.

Appellants raise only two questions on appeal and the conclusion on our part that the lower court erred in directing a verdict for the plaintiff for actual damages renders it unnecessary to consider the other question raised.

It is elementary that in passing upon plaintiff's motion the court was required to view the evidence and all inferences reasonably deducible therefrom in the light most favorable to the defendants. See numerous cases collected in West's South Carolina Digest, Trial, Key No. 178.

Questions of negligence, proximate cause and contributory negligence are ordinarily questions of fact for the jury, as to which the trial court's only function is to inquire whether particular conclusions are or not the only reasonable inferences to be drawn from the evidence. If the facts in controversy and the inferences deducible therefrom are doubtful, or if they tend to show both parties guilty of negligence or willfulness, and there may be a fair difference of opinion as to whose act or whose acts produced or contributed to the injury complained of as a direct and proximate cause, questions of negligence, proximate cause and contributory negligence should be submitted to the jury. See cases collected in West's South Carolina Digest, Negligence, Key No. 136(25), 136(26).

Since the judgment below will be reversed and the cause remanded for a new trial, we limit our discussion of the facts and evidence to minimal essentials. The collision occurred at the intersection of U. S. Highway 521 and State Road S-92, approximately six miles south of Camden, on Sunday morning, March 24, 1968. Plaintiff Wilson was driving in a southerly direction on 521 and the Clyburn car occupied by Mr. and Mrs. Clyburn and a nurse was pro-

ceeding east on S-92. U. S. 521 is the dominant highway and traffic on S-92 is required to stop at the intersection thereof. The uncontradicted evidence is that the Clyburn vehicle, driven by Mrs. Clyburn, did not stop and was struck by the Wilson vehicle. Both Mr. and Mrs. Clyburn were fatally injured, as was one passenger in the Wilson vehicle.

There was evidence of the following facts. The terrain near the intersection was level or flat and both roads straight as they approached the intersection. When one reaches a point on U. S. 521 seven hundred feet north of the intersection, one can see a car approaching from the west on S-92 a distance of thirteen hundred feet from the intersection, and there was no obstruction to the view of either of the drivers between these points and the intersection.

Despite the clear view which each driver had of the other as they approached the intersection, the plaintiff himself testified that he did not see the other car until it was right at the stop sign, when he realized it was not going to stop and applied his brakes and swerved. When questioned as to whether he reduced his speed and looked upon approaching the intersection, he replied that he "guessed" he did, but did not really remember. His testimony was that he was driving 50 to 55 miles per hour upon approaching the intersection but there is evidence giving rise to the inference of a somewhat higher speed. A witness for the plaintiff, one Cochran, was driving in a southerly direction on 521 and was passed by the Wilson car a short distance north of the intersection. A portion of his testimony was to the effect that he, Cochran, was then traveling about 50 miles per hour. Cochran testified that he saw the Clyburn vehicle when it was approximately two hundred yards from the intersection, and that it was going so fast that he had a pretty good idea it wasn't going to stop at the intersection.

The nurse in the Clyburn vehicle, Almeta Graham, testified to the effect that she saw the Wilson car approaching

as the Clyburn vehicle neared the intersection; that the Wilson car was coming "very fast" and that shortly before the impact she yelled to Mrs. Clyburn "that car is coming mighty fast, you'd better watch it", after which she remembered nothing further.

In brief, the evidence leaves no doubt that Mrs. Clyburn was negligent and presented a jury issue as to whether her conduct was reckless or willful. The evidence would also leave little if any doubt that her conduct was the primary, efficient cause of the collision and resulting injury to the plaintiff. On the other hand, when the evidence, which we have here only highlighted, is viewed in the light most favorable to the defendants, as is required under the well established rule, we conclude that such is susceptible of the reasonable inference that there was a failure on the part of the plaintiff to exercise due care in keeping a proper lookout and driving at an appropriately reduced speed under the circumstances, and that such negligence on his part was a contributing proximate cause of the collision and his resulting injuries.

No case in point on the facts has been cited or come to our attention. The plaintiff relies strongly on *Horton v. Greyhound Corp.*, 241 S. C. 430, 128 S. E. (2d) 776, and asserts that such was relied upon by the trial judge. Suffice it to say that we think that decision is clearly distinguishable on the facts. He also relies on *Still v. Blake*, 255 S. C. 95, 177 S. E. (2d) 469, for the proposition that he had the right to assume that the driver of the Clyburn vehicle would stop in accordance with law and that he was not required to anticipate that she would suddenly, negligently and unlawfully drive in front of him. It is, of course, true that one has the right, in the absence of anything to reasonably put one on notice to the contrary, to assume that others will proceed with due care and in accordance with law. The right to so assume, however, does not relieve one of the duty to exercise due care for one's own safety. Here there is evidence from which it might be

reasonably inferred that had plaintiff-respondent but looked, he would have been put on notice that Mrs. Clyburn was most probably not going to stop.

The judgment below is reversed and the cause remanded for a new trial.

Reversed and remanded.

Moss, C. J., and Lewis, Brailsford and Littlejohn, J.J., concur.