19987

Harold A. MAHAFFEY, a minor under the age of (14), by his guardian ad litem, Lillian Myrtle Roberson, Respondent, v. Eugene J. AHL and Sidney Ahl, Appellants.

(214 S. E. (2d) 119)

242

*Messrs. Sinkler Gibbs Simons & Guerard,* of Charleston,
*for Appellant,*

*Messrs. Young, Clement & Rivers,* of Charleston, *for Respondent,*

April 8, 1975.

NESS, Justice:

Harold A. Mahaffey, a minor nine years eight months of age was injured when his Honda-mini-bike and a truck collided at an offset street intersection in a residential area in the city of North Charleston, South Carolina. The truck

was being operated at the time for Sidney Ahl by Eugene J. Ahl. This action was instituted by the guardian *ad litem* of the minor for damages alleging that the accident was caused by the negligence of the driver and the owner of the truck. The defendants denied that they were negligent and charged that Harold A. Mahaffey was guilty of contributory negligence such as to bar recovery of damages. A jury verdict resulted in a substantial damage award to the plaintiff. The defendant's motion for judgment notwithstanding the verdict was denied by the court. On appeal the defendants-appellants contend, as they did below, that the evidence was not sufficient to establish a submissible case for the jury; that as a matter of law the plaintiff-respondent, Harold A. Mahaffey, was guilty of contributory negligence barring recovery of damages; that the court erred in denying motions for a directed verdict and for judgment *non obstante veredicto;* and that the court erred in admitting evidence of the driver's prior driving record in response to the allegation of the plaintiff of negligent entrustment of the vehicle by the defendant, Sidney Ahl, to his nephew, Eugene Ahl.

It is alleged in the complaint that on or about July 25, 1972, at about 3:00 p. m., the plaintiff was operating a Honda-mini-bike in a westerly direction on Oregon Avenue at the intersection of Oregon Avenue with Ranger Drive in the city of North Charleston, and that the defendant, Eugene J. Ahl, was operating a 1967 Ford panel truck owned by Sidney Ahl with the express permission and consent of Sidney Ahl, and as agent and servant of Sidney Ahl, in a southerly direction on Ranger Drive when the two vehicles collided at the intersection. It was also alleged that Eugene J. Ahl failed to maintain a proper lookout, failed to sound his horn and failed to have his automobile under proper control and was operating it at an excessive rate of speed; it was further alleged that Sidney Ahl was negligent in entrusting his automobile to Eugene J. Ahl whom he knew or should have known was habitually an unsafe driver. The

plaintiff also plead and relied upon the last clear chance doctrine. The answer of the defendants contained first a general denial and then alleged contributory negligence on the part of the minor in various particulars.

The case came on for trial before the Honorable John Grimball, and a jury, at the April, 1974 term of the Court of Common Pleas for Charleston County and resulted in a verdict in favor of the respondent against the appellants in the sum of Fifty Thousand ($50,000.00) Dollars actual damages.

The appellants, at appropriate stages of the trial, moved for a nonsuit, directed verdict, judgment *non obstante veredicto,* and alternatively for a new trial, on the ground that neither respondents' evidence nor the entire evidence was sufficient to support the reasonable inference that the injuries to the respondent were caused by the negligence of the defendants and on further grounds which will hereinafter be discussed.

It is elementary that in considering whether the court below erred in refusing the several motions made by the appellants upon the ground that there was no evidence of negligence on the part of the appellants, we must view the evidence and the inferences reasonably deducible therefrom in a light favorable to the respondent. If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. *Cantrell v. Carruth,* 250 S. C. 415, 418, 158 S. E. (2d) 208 (1967).

It appears from the evidence considering the same in the light most favorable to the respondent, that he had previously owned a mini-bike, but had received this small Honda on the Christmas preceding the accident, and that he was familiar with the Honda and knew how to ride it. On the day of the accident, plaintiff was operating the mini-bike with a passenger on the back down Oregon Avenue and intended to slant across the intersection and proceed down

Martha Drive. He knew that there was a stop sign at the intersection of Oregon and Ranger but this stop sign is set back several feet from the intersection. As he approached the stop sign, he was going two or three miles per hour and was either in first or second gear, and did not come to a complete stop at the stop sign, but was coasting. The hedges at the intersection blocked his view to the right. It appears it was necessary for him to pull out into Ranger Drive in order to see, and that as he did so he saw the truck operated by the defendant Eugene Ahl coming from his right, but that he was only five or six feet away from the Ahl vehicle when he saw it and he was unable to stop his mini-bike. He then testified that he observed the defendant's head turned to the left in the direction of some children playing on the side of the road. The plaintiff testified that the horn on the truck never blew, but that the truck was not going too fast, and the defendant's truck was in its proper lane of travel, and that when he saw the truck, he tried to turn, but couldn't. He concluded that if he had heard a horn blow, he may have been able to get out of the way. The Ahl vehicle left no skid marks.

Defendant's driver testified that he did not see the plaintiff until after the collision. However, he subsequently testified that "when I first saw him—he was approximately six to eight feet away,—I got my brakes applied—before I got the truck stopped, I had already hit him." (Transcript, Folio 525.)

It is axiomatic in this State that issues of negligence and proximate cause may be resolved by direct or circumstantial evidence. Negligence is a relative term to be decided upon the facts of each particular case and because its existence turns on the facts it is normally a question left to the jury; before it can be determined as a matter of law that one has not committed a negligent act the truth of all the credible evidence tending to sustain the claim of negligence must be assumed and all favorable inferences of fact fairly deducible therefrom tending to establish negligence

drawn. The test of legal sufficiency is whether the evidence serves to prove a fact or permits an inference of fact that would enable an ordinarily intelligent mind to draw a rational conclusion therefrom in support of the right of the plaintiff to recover.

We feel the jury's conclusion of actionable negligence on the part of the defendant driver was correctly bottomed on his failure to keep a proper lookout and maintain his vehicle under proper control. The minor plaintiff observed the defendant driver's head turned away from the road ahead and this testimony was buttressed by the defendant driver's admissions and utterances after the accident that "Oh, my God, I just didn't see them (the minor plaintiff and his passenger)". (Transcript, Folio 575.) While the defendant driver equivocated on this issue his credibility and that of the alleged admission was for the jury. The physical facts in the case, the defendant's speed, the lack of skid marks, the accident site populated by children, all sustain the plaintiff's theory that the defendant driver operated his vehicle without proper caution and control.

The defendant driver testified that he had travelled in the area of the accident before, was familiar with the fact that it was a residential area, populated with young children, and that he had seen children playing in the area and knew that school was out of session on the day of the collision.

A driver's failure to keep a proper lookout and maintain his vehicle under proper control are normally questions to be resolved by the jury. See *Spurlin v. Colprovia Products Company*, 185 S. C. 449, 194 S. E. 332 (1937).

It is inescapable that the respondent was in the road to be seen. Whether the driver-appellant should have seen him in time to stop or slow down to avoid the accident was a question of fact for the jury.

This Court had held that a motorist traversing an area known to be populated by playing children has an intensified duty to remain vigilant:

"Where the driver of a vehicle knows, or should know, that children may reasonably be expected to be in, near, or adjacent to the street or highway, he is under a duty to anticipate the likelihood of their running into or across the roadway in obedience to childish impulses, and to exercise due care under the circumstances for their safety . . . For, since the law recognizes that children act upon childish impulses, there is imposed upon the motorist, in order to reach the standard of ordinary care with respect to them, the duty to exercise more vigilance and caution than might be sufficient in the case of an adult." *Herring v. Boyd,* 245 S. C. 284, 290, 140 S. E. (2d) 246, 249 (1965). (Citations omitted).

Whether a motorist in the exercise of reasonable care, should be able to bring his vehicle to a complete stop or avoid colliding with an infant under the circumstances of this case was properly for the jury. Our holding here does not establish a motorist as an insurer against all accidents with an infant. This is especially true where the child's presence is both unexpected and unforeseeable. Cf. *Herring v. Boyd, supra.*

Here the defendant's driver's inadvertence to the road ahead in the face of his knowledge that children were in the area constituted issues of negligence and proximate cause which were properly submissible to the jury whose resolution of the issues against him cannot be said to be without support in this record. Cf. *Basden v. Lowery,* 182 So. (2d) 265 (Fla. Ct. App. 1966) and *Cotant v. United States,* 103 F. Supp. 770 (E. D. Idaho [1952]).

The next alleged error is whether or not the trial court was in error in failing to hold that respondent's conduct constituted contributory negligence as a matter of law.

We held in *Rowe v. Frick,* 250 S. C. 499, 503, 159 S. E. (2d) 47, 50 (1968) that,

"It is a well settled rule in this state that between the ages of seven and fourteen years a child is presumed incapable of exercising judgment and discretion requisite to charge it with contributory negligence, but that such presumption is *prima facie* only, and can be rebutted by evidence of capacity."

Here we are faced with a question of fact to be determined after taking into consideration the age, intelligence and capacity of the injured child as to whether or not under the circumstances he was guilty of contributory negligence, and where a driver of a motor vehicle knows of the presence of children in the neighborhood, or should have known of this fact, the driver is under a duty to exercise care, usually stated to be reasonable, ordinary, due, or proper care for the safety of the child. More care must be exercised toward children than toward persons of mature years. Children of tender years and youthful persons generally are entitled to care proportioned to their inability to foresee and avoid the perils they may encounter, as well as to the superior knowledge of persons who come into contact with them. The duty to avoid doing them an injury increases with their inability to protect themselves, and with their childish indiscretions, instincts and impulses. A reasonable man is presumed to know this, and to govern his actions accordingly. In all cases, the caution required is according to maturity and capacity of the child—a matter to be determined in each case by the circumstances of that case.

The trial judge held that this was a jury issue under the facts of this case. We agree.

We are not prepared to hold as a matter of law either that there was such contributory negligence on the part of the plaintiff or such freedom from negligence on the part of the defendants as to bar a recovery. These were proper questions for a jury, and the court did not err in its submission.

The next question for determination is whether there was sufficient evidence of a master servant relationship between the appellants to require submission of

this issue to the jury. Under the testimony Sidney Ahl was the owner of the truck and was engaged in the business of distributing products for Amway Services, and as part of this business he delivered packages to his customers. Eugene Ahl, is a nephew of Sidney Ahl, and on the date in issue was the driver of the truck delivering a package for his uncle, at his uncle's specific request. Considering this testimony most favorably to the respondent, as we are required to do, we find that there was ample evidence to submit this issue to the jury and for them to determine and decide whether or not an agency relationship existed between the two appellants. This exception is unfounded.

Finally the appellants assert that the jury was influenced by testimony on the issue of appellant, Eugene Ahl's driving record. We disagree. The appellants argue that they were prejudiced by the injection of the issue of appellant Eugene Ahl's prior driving record, which appellants assert is in contravention of Section 46-686 of the 1962 Code of Laws of South Carolina. The plaintiff alleged and sought to prove negligent entrustment but failed. The uncle denied any knowledge of a bad driving record and the nephew denied that he had been convicted of or plead guilty to any of the charges he was questioned about. No proof was offered that the nephew, in fact, had a bad driving record or that the uncle had any knowledge thereof. Appellant's motion for a directed verdict was granted, by the trial judge, as to this phase of the case; allegations thereabout stricken from the complaint and the jury so instructed. No request was made to the trial court for a curative instruction as to the questions, negatively answered, which appellant now contends were so highly prejudicial. We fail to discern any prejudice.

It is not amiss to suggest, however, that in actions involving the theory of negligent entrustment, that the trial judge might well consider the advisability of calling upon plaintiff for an at-chambers offer, on the record, of what he proposes to prove in support of that theory. The trial judge may then, to insure best that there be no prejudice arising from receipt

of insufficient proof, or the need for corrective instructions to the jury, appraise the offer for legal sufficiency before original proof, supportive of such theory, is received before the jury.

The exceptions are overruled and the judgment below is, Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.