20260

Marilyn M. WILLIAMS, Respondent, v. Francis G. KINNEY, Appellant.

(226 S. E. (2d) 555)

*J. W. Cabaniss, Esq.,* of *Grimball & Cabannis,* Charleston, *for Appellant,*

*Elliott T. Halio, Esq.,* of *Bernstein, Halio & Manos,* Charleston, *for Respondent,*

July 15, 1976.

NESS, Justice:

Respondent was awarded a jury verdict in the amount of $6,000.00 actual damages for personal injuries sustained in an intersectional automobile collision. Appellant answered with a general denial and pled contributory negligence on the part of the respondent. At the conclusion of the testimony, respondent moved for a directed verdict for actual and punitive damages, contending that the evidence was susceptible of only the inference that her injuries were proximately caused by the negligence and recklessness of the appellant and, further, that no reasonable inference could be drawn from the evidence that any contributorily negligent acts of the respondent could have been the proximate cause of the injuries which she sustained. The court granted respondent's motion, thus taking from the jury the issue of liability of appellant and of contributory negligence on the part of the respondent.

The principal contention of the appellant is that the trial judge erred in not submitting the issue of contributory negligence to the jury. We agree. Cases should be submitted to the jury, the recognized trier of fact, unless the evidence is of such a character that reasonable men in impartial exercise of judgment might not reach diferent conclusions. In reviewing a directed verdict for the plaintiff, this Court must view the evidence and all inferences reasonably deducible therefrom in the light most favorable to the defendant. If more than one reasonable inference can be drawn from the evidence, the case should be submitted to the jury. *Hart v. Doe,* 261 S. C. 116, 198 S. E. (2d) 526 (1973).

Considering the evidence in light of the foregoing legal principles, it appears that the collision occurred at the intersection of Magnolia Road and U. S. Highway 17 in Charleston County. The appellant had stopped for a traffic control signal in the left hand lane of

a two lane roadway [1] when the respondent, operating her husband's automobile, drove to appellant's right side within the right hand lane; appellant attempted to make a right hand turn from the left lane and collided with the automobile operated by the respondent. [2]

Appellant was making a right turn from the left lane in violation of S. C. Code §§ 46-402 and 405, however, appellant contends he had his turn signal flashing and that respondent was contributorily negligent in failing to so observe. Respondent admits she did not see the flashing turn signal and argues a reasonable person would not contemplate that a driver would turn right from the left lane. Further, respondent asserts she was beside appellant's auto and not in a position to observe the signal. Moreover, respondent testified that she had been following appellant at a speed of approximately ten miles per hour and as he approached and travelled into the intersection, he went into the left lane of travel and she continued into the intersection in the right lane.

Contributory negligence is the failure to use due care. It is usually a jury question, and is to be decided by the court only when reasonable men could not differ as to what facts are proved and as to the proper inferences from the facts proved. What is reasonable conduct must, in each instance, depend upon the particular facts involved. Whether the failure of the respondent, who was following appellant, to observe the flashing turn signals was a causative factor was for the jury, not the court.

---

[1] Appellant testified that Magnolia Road had only one southbound lane with a bus stop on the righthand side just prior to the intersection. Respondent and a highway patrolman testified there were two southbound lanes, although admittedly not lined, and that the marker for a bus stop was prior to the intersection. Pictures introduced at trial unmistakenly support respondent's contention.

[2] The facts are not easily determinable as practically all witnesses testified from a "sketch" which is not contained in this record. Whenever courtroom devices, such as sketches or diagrams, are used to explain the testimony to the jury, counsel should take appropriate steps to be sure the record is discernible by an appellate court.

The jury could have concluded that this collision occurred due to the failure of the respondent to observe the turning signals of appellant, and of passing the appellant on the right side, at an intersection. S. C. Code §§ 46-385, 46-388 (2d). The evidence warranted an inference of actionable negligence and recklessness on the part of the respondent which should have been submitted to the jury.

The foregoing conclusion is fully sustained by the decisions of this Court. *West v. Sowell,* 237 S. C. 641, 118 S. E. (2d) 692 (1961); *Griffin v. Pitt County Transportation Co.,* 242 S. C. 424, 131 S. E. (2d) 253 (1963); *Ray v. Simon,* 245 S. C. 347, 140 S. E. (2d) 575 (1965); *Jarvis v. Green,* 257 S. C. 558, 186 S. E. (2d) 765 (1972).

We think that the inferences which may reasonably be drawn from the evidence preclude a determination that the appellant's negligence was the sole proximate cause of this collision. Whether the respondent was guilty of negligence which contributed as a proximate cause of her injuries should have been submitted to the jury. *West v. Sowell, supra; Woods v. William,* 232 S. C. 180, 101 S. E. 2d (1957).

During cross examination appellant's counsel attempted to question the plaintiff about a visit to her physician. Counsel was attempting to elicit from plaintiff whether her visit was for trial preparation or treatment. Should any question on this matter occur on retrial of this case, the cross examination should be permitted.

Having decided that this case must be retried, it becomes unnecessary to pass upon the remaining exceptions.

The judgment of the trial court is reversed and this case is remanded for a new trial.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.