0414

Henry Lee BROWN, Appellant, v. Michael E. HOWELL, Respondent.
(327 S. E. (2d) 659)

Court of Appeals

*Barry B. George,* Columbia, *for appellant.*

*William H. Bowman, III,* Columbia, *for respondent.*

Heard Jan. 31, 1985.

Decided March 8, 1985.

GOOLSBY, Judge:

The appellant Henry Lee Brown appeals from a jury verdict rendered in favor of the respondent Michael E. Howell in a negligence action brought by Brown following a motor vehicle collision in an intersection. Brown argues the trial judge committed reversible error in denying his motion for directed verdict and in instructing the jury concerning unavoidable accident. We reverse and remand.

At the conclusion of the evidence, Brown moved for a directed verdict in his favor. He contended the evidence admitted no other reasonable inference than that his injuries were proximately caused by Howell's negligence. The trial judge denied the motion. Howell's answer pled, among other things, contributory negligence, recklessness, willfulness, and wantonness on Brown's part in certain particulars.

In passing upon a motion for directed verdict, the trial judge is required to view the evidence and all inferences reasonable deducible therefrom in the light most favorable to the opposing party. *Wilson v. Marshall,* 260 S. C. 271, 195 S. E. (2d) 610 (1973). Ordinarily, questions of negligence, proximate cause, and contributory negligence are questions of fact for the jury and the trial judge's only function regarding these questions is to determine whether particular conclusions either are or are not the only reasonable inferences to be drawn from the evidence. *Id.; Davenport v. Walker,* 280 S. C. 588, 313 S. E. (2d) 354 (S. C. App. 1984).

With regard to the duties motorists have when approaching intersections, we recently observed:

> Travelers on both the favored and unfavored highway must use ordinary care in keeping a proper lookout for vehicles approaching an intersection. *Carter v. Beals,* 248 S. C. 526, 151 S. E. (2d) 671 (1966). The driver on the unfavored highway has a duty to stop and yield the right of way to any vehicle approaching the intersection on the favored highway so closely as to constitute an immediate hazard. Section 56-5-2330, Code of Laws of South Caro-

lina, 1976, as amended. However, if there is no traffic approaching so near as to constitute an immediate hazard, the driver on the unfavored highway has a right to enter the intersection, and it then becomes the duty of those approaching the intersection on the favored highway to yield the right of way to him. *Warren v. Watkins Motor Lines*, 242 S. C. 331, 130 S. E. (2d) 896 (1963).

*Cope v. Eckert*, 327 S. E. (2d) 367, 369 (S. C. App. 1985).

The collision in this case occurred in the intersection of Muller Avenue and Windemere Avenue in the City of Columbia on June 24, 1980, sometime around 1:00 p.m. Brown was proceeding east on Muller. Howell was on Windemere traveling north. Muller is the favored street. Traffic on Windemere is required to stop at the intersection formed by the two streets.

According to Howell's testimony, he stopped for the stop sign on Windemere and looked both ways; but bushes, trees, and a hill obstructed his view. He could not "see any automobiles, so [he] proceeded [into] the intersection." He went four or five feet into the intersection and heard an engine and saw an approaching vehicle. Howell immediately thought the vehicle would miss striking his car; however, its right front fender struck Howell's left front fender. The collision caused Howell's car to spin around. The other car, driven by Brown, continued down the road and stopped past the intersection. At the time of the collision, it was drizzling rain and the pavement was wet.

The investigating officer testified he found no evidence of Brown's braking. He described the damage to Brown's automobile as "severe" and said both vehicles were towed from the scene.

Brown's testimony contradicted Howell's. Among other differences, Brown testified Howell did not stop for the stop sign. He also testified that when he saw Howell's car he assumed Howell would stop. He stated he was able to estimate Howell's speed. Brown, however, did not testify that he either applied his brakes or attempted evasive action to avoid colliding with Howell.

The evidence in this case admits of more than the single inference that Howell tortiously pulled out in front of Brown and Brown was free from fault as a matter of

law. The jury could reasonable infer from the evidence that Brown's vehicle did not constitute an "immediate hazard" and Howell had a right to proceed into the intersection. *Carter v. Beals, supra; Cope v. Eckert, supra;* S. C. Code of Laws Section 56-5-2330 (1976). The jury could also reasonably infer from the evidence that Brown did not exercise due care for his own safety in tht he failed to keep a proper lookout, drove too fast for conditions, violated the laws regulating traffic at a stop intersection, and failed to take evasive action. *Wilson v. Marshall, supra; Livingston v. Oakman,* 251 S. C. 611, 164 S. E. (2d) 758 (1968); S. C. Code of Laws Section 56-5-1520(a) and (c) (1976); 60A C. J. S. *Motor Vehicles* Section 350(1) n. 18.5 at 484 (1969); *see* 7A Am. Jur. (2d) *Automobiles and Highway Traffic* Section 817 at 1074 (1980).

Brown relies principally upon *Odom v. Steigerwald,* 260 S. C. 422, 196 S. E. (2d) 635 (1973), a case involving an intersection collision. Numerous factors, however, distinguish *Odom* from the case here. In *Odom,* the plaintiff maintained a proper lookout and applied her brakes. More importantly, the defendant in *Odom* "created a trap from which [the] plaintiff could not escape." 260 S. C. at 428, 196 S. E. (2d) at 638. When the defendant in *Odom* entered the intersection into the path of the plaintiff's vehicle, the plaintiff could not avoid the collision by moving to her left because of an oncoming vehicle. In the instant case, Howell created no trap. There is no evidence that a third automobile boxed Brown into the right lane. *Cope v. Eckert, supra.*

The trial judge, therefore, properly denied Brown's motion for directed verdict.

When Howell completed his case, Brown moved to strike from Howell's answer the so-called defense of unavoidable accident. *See Tucker v. Reynolds,* 268 S. C. 330, 233 S. E. (2d) 402 (1977). The trial judge declined to grant the motion but indicated he would not instruct the jury concerning unavoidable accident. Howell thereupon withdrew the issue from consideration. The trial judge, however, changed his mind and charged unavoidable accident. Brown excepted to the charge.

No instructions should be given to a jury concerning an issue made by the pleadings that is abandoned in open court by the party pleading it. *Caines v. Marion Coca-Cola Bottling Co.,* 196 S. C. 502, 14 S. E. (2d) 10 (1941). Indeed,

610

"it is reversible error to charge a correct principle of law as governing a case where such principle is inapplicable to the issues on trial." *White v. Fowler*, 276 S. C. 370, 372, 278 S. E. (2d) 777, 778 (1981); *Wright v. Harris*, 228 S. C. 144, 89 S. E. (2d) 97 (1955); *Thomas v. Sexton*, 15 S. C. 93 (1880).

We are therefore of the opinion that the trial judge committed prejudicial error in charging the jury on the question of unavoidable accident when Howell expressly abandoned consideration of the issue. The charge requires reversal and a new trial.

Howell argues, however, that the questioned charge affords no basis for reversal because Brown did not include an exception relating to the trial judge's failure to grant him a new trial. The argument has no merit. Brown preserved his right to challenge the charge by objecting to the charge at the appropriate time. *J. W. Green Co. v. Turbeville*, 263 S. C. 456, 210 S. E. (2d) 743, (1974); *see* S. C. SUP. CT. R. 4, Section 6.

Howell also argues that Brown's exception relating to the trial judge's charge on unavoidable accident violates Rule 4, Section 6 of the Supreme Court Rules. He claims the exception is imprecise. Although Brown's exception might have been more exact, we elect to treat it nonetheless. The issue sought to be raised by the exception may readily be determined. Moreover, the issue is meritorious. *Baker v. Weaver*, 279 S. C. 479, 309 S. E. (2d) 770 (S. C. App. 1983).

Reversed and remanded.

SHAW and CURETON, JJ., concur.