1993

VISUAL GRAPHICS LEASING CORPORATION, INC., Respondent v. Randy LUCIA, James E. Bessent and R & E Quality Printing, Appellants.

(429 S.E. (2d) 839)

Court of Appeals

*Carroll D. Padgett, Jr.*, Loris, *for appellants.*

*Angela L. Henry*, Columbia, and *J. Jackson Thomas*, Myrtle Beach, *for respondent.*

Submitted March 15, 1993.

Decided April 12, 1993.[1]

GARDNER, Judge:

Visual Graphics Leasing Corporation, Inc. (Visual Graphics) sued Randy Lucia and James E. Bessent (Lucia and Bessent) for breach of contract and conversion of printing equipment. The Horry County Master-in-Equity held that Lucia Bessent breached the lease agreement and owed Visual Graphics $24,435, plus attorney fees and costs totalling $19,704. We affirm on the merits and remand for specific findings as to the award of attorney fees.

## FACTS

Lucia and Bessent formed a partnership and started a business called R & E Quality Printing. They contacted Harry Golden (Golden), a representative of The R.L. Bryan Company, to secure printing equipment. Under this arrangement, The R.L. Bryan Company sold the equipment to Visual Graphics with an agreement that the equipment would then be leased to Lucia and Bessent. In early 1987, Lucia and Bessent signed the lease agreement and a personal guarantee on the equipment. The testimony is conflicting as to which of the two leases Lucia and Bessent executed; however, both leases contained the same standard terms and conditions with two exceptions. The lease presented by Visual Graphics provided for a higher monthly payment and had documentary stamps on it.

Shortly after receiving the equipment, Lucia and Bessent stopped making lease payments. In May of 1987, a fire destroyed the building which housed R & E Printing and the

---

[1] Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

leased printing equipment. The equipment was not insured. Lucia and Bessent claim Golden told them that Visual Graphics would insure the equipment and, therefore, they are not liable for the loss. Golden denies having made any such representation. Lucia and Bessent denied signing the Visual Graphics's lease and accompanying personal guarantee. Lucia and Bessent never received notice regarding insurance from Visual Graphics. An expert testified that the signatures on Visual Graphics' leasing agreement were those of Lucia and Bessent.

The Master found the agreement was complete and that the parole evidence rule prohibited any alleged contemporaneous oral modifications. He also found no proof of additional consideration for alleged modification. He concluded that the terms of the agreement were unambiguous and that the lease placed the risk of loss on Lucia and Bessent.

## DISCUSSION

Lucia and Bessent argue that Golden had apparent authority to act on behalf of Visual Graphics. In the instant case both leases, one of which Lucia and Bessent admittedly signed, contained the following provisions:

### 7. RISK OF LOSS OR DAMAGE

... Lessee assumes the entire risk of loss of damage to Equipment whether or not covered by insurance, and no such loss shall relieve Lessee of its obligations hereunder. Lessee, at its expense, shall keep Equipment insured to protect all interest of Lessor against all risks of loss or damage from every cause whatsoever, . . . If Lessee fails to produce or maintain said insurance, . . . Lessor shall have the right, but shall not be obligated, to obtain such insurance, . . . and shall notify lessee in writing of the amount thereof.

\* \* \* \* \* \*

### 3. Equipment

(C) Lessee agrees that *neither supplier nor any salesman, employee or other agent of supplier,* or salesman, employee or other agent or lessor, *is authorized to waive or alter any term or condition of this agreement,* and no representation as to Equipment or any other matter by

supplier ... lessor ... or other agent shall in any way affect lessee's duty to pay the rent and perform its other obligations as set forth in this agreement. (Emphasis added.)

The concept of apparent authority depends upon manifestations by the principal to a third party and the reasonable belief by the third party that the agent is authorized to bind the principal. *Orphan Aid Society v. Jenkins*, 294 S.C. 106, 362 S.E. (2d) 885 (Ct. App. 1987). The rental lease specifically states that the alleged principal, Visual Graphics, did not give the alleged agent, Golden, authority to modify the lease. The lease is evidence that Visual Graphics did not vest Golden with apparent authority. We hold that the trial court did not err in finding that Golden did not have apparent authority to modify the lease.

Furthermore, it is well-settled law that, absent fraud, accident of mistake, when the terms of a written instrument are unambiguous extrinsic evidence of contemporaneous statements, allegedly made by the parties to the agreement, are inadmissible if they contradict or vary the terms of the written agreement. *Ray v. South Carolina National Bank, Inc.*, 281 S.C. 170, 314 S.E. (2d) 359 (Ct. App. 1984). Therefore, the parole evidence rule prohibits evidence of the alleged contemporaneous oral agreement, between Golden and the partners, which contradicts the risk of loss provision in the lease. Accordingly, we hold that the trial court correctly ruled that the lease was unambiguous and that the alleged oral agreement was inadmissible.

Next, Lucia and Bessent contend the trial court erred by allowing Visual Graphics to question Lucia and Bessent regarding prior convictions of voluntary manslaughter and criminal conspiracy, respectively, because there is evidence of record that both entered pleas of nolo contendere to the charges.

The admission and rejection of evidence is largely within the sound discretion of the trial judge and will not be reversed by this Court unless there is a clear showing that the trial judge abused his discretion, committed legal error in its exercise, and prejudiced the appellant's rights. *Welch v. Whitaker*, 282 S.C. 251, 317 S.E. (2d) 758 (Ct. App. 1984).

Our Supreme Court, in a case in which the point was not in issue, noted that "a plea of nolo contendere cannot be used as an admission against defendant in civil litigation." *Kibler v. State*, 267 S.C. 250, 254 n. 1, 227 S.E. (2d) 199, 201 n. 1 (1976) *citing* 21 Am. Jur. (2d) *Criminal Law* § 497. *See also* Fed. R. Evid. 410 (federal rules of evidence prohibit the use of nolo contendere pleas in any civil or criminal proceeding against the defendant who made the plea, with limited exceptions).

Although under the dicta of *Kibler*, the trial court erred by allowing Lucia and Bessent to be questioned regarding their nolo contendere pleas, we hold this to be harmless error. *Id* As discussed above, the unambiguous terms of the lease govern the risk of loss on the equipment. Thus, we hold that Lucia and Bessent were not prejudiced by the admission of the nolo contendere pleas because their credibility was not at issue based on the dispositive nature of the lease. An error is not reversible unless it is material and prejudicial to the substantial rights of the appellant. *Anderson v. Elliott*, 228 S.C. 371, 90 S.E. (2d) 367 (1955). Based on this holding, it is unnecessary to address the issue of whether criminal conspiracy and voluntary manslaughter are crimes of moral turpitude.

Lucia and Bessent also contend that the trial court erred in allowing Visual Graphics to substitute Golden's deposition for his in-court testimony. They contend that he was a "key player" in this action and that the court needed the advantage of observing Golden's demeanor to render a fair judgment.

Rule 32(a)(3)(B), SCRCP allows for the use of depositions for *any* purpose "if a witness is at a greater distance than 100 miles from the place of trial or hearing . . . unless it appears that the absence of the witness was procured by the party offering the deposition." It is within the judge's discretion to allow the use of a deposition in lieu of in-court testimony. *See Welch v. Whitaker*, S.C. 251, 317 S.E. (2d) 758 (Ct. App. 1984). The record reflects that Visual Graphics presented the trial court with an affidavit stating that Golden was in Charlotte at the time of trial. We find no error in the admission of the deposition.

Finally, Lucia and Bessent contend that the trial court abused its discretion by granting $19,704 in attorney fees. The trial court did not make any specific findings

regarding attorney fees in the appealed order. Under the recent case of *Blumberg v. Nealco, Inc.*, 427 S.E. (2d) 659 (Sup. Ct. 1993) *modifying Blumberg v. Nealco. Inc.*, ___ S.C. ___, 416 S.E. (2d) 211 (Ct. App. 1992), the trial court is required to make specific findings of fact on the record for each factor set forth in *Collins v. Collins*, 239 S.C. 170, 122 S.E. (2d) 1 (1961) (the factors are: the nature, extent and difficulty of the services rendered; the time necessarily devoted to the matter; the professional standing of counsel; the contingency of compensation; and the beneficial result accomplished). The trial court failed to make such findings; accordingly, we reverse and remand for specific findings on the award of $19,704 in attorney fees.

For the foregoing reasons, we affirm in part and reverse in part.

Affirmed in part and reversed and remanded in part.

SHAW and BELL, JJ., concur.