561 S.E.2d 597

**Dr. Martha THOMASKO, Petitioner,**

v.

**Daniel E. POOLE, Jr., Respondent.**

No. 25425.

Supreme Court of South Carolina.

Heard Oct. 11, 2001.
Decided March 11, 2002.
Rehearing Denied April 18, 2002.

8

Robert L. Widener, of McNair Law Firm, of Columbia; and Robert A. Muckenfuss, of McGuire Woods, of Charlotte, NC, for petitioner.

David S. Cobb, of Turner, Padget, Graham & Laney, of Charleston, for respondent.

BURNETT, Justice:

Dr. Martha Thomasko ("Thomasko") sued Daniel Poole, Jr., ("Poole") for negligence as a result of an vehicle accident. The trial court denied plaintiff Thomasko's motion for a directed verdict on the issue of her comparative negligence. The Court of Appeals affirmed the trial court in an unpublished opinion, and Thomasko appealed to this Court. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

Defendant Poole testified that on March 25, 1995, he exited a store parking lot in his vehicle and attempted to cross three lanes of traffic to make a u-turn on Highway 17 in Myrtle Beach. Poole testified to looking in the direction of on-coming traffic before exiting the parking lot. Poole noticed two vehicles approximately 150–200 feet away. Poole entered the far right lane and began to transverse the other lanes at 8–10 miles per hour.

Poole's Suburban collided with Thomasko's vehicle as he entered the far left lane. Poole's vehicle sustained damage to its driver's side rear panel while Thomasko's received damage to its front, passenger side wheel well. Thomasko did not see Poole's vehicle until the moment before impact. Poole did not realize he collided with another vehicle until after seeing Thomasko's vehicle in his rear view mirror.

Thomasko testified to experiencing an uneasy feeling in the right side of her chest after the accident. The day after the accident she began experiencing pain throughout her body.

On April 12, several weeks after the accident, Thomasko fell in a store parking lot. She later visited a doctor because of a pain in the right side of her chest. Thomasko testified her doctor suspected her right breast implant ruptured.

Thomasko filed a negligence lawsuit against Poole seeking damages for personal injuries sustained during the accident.[1] At the close of the evidence, Thomasko moved for a directed verdict on Poole's defense of comparative negligence. The trial court denied the motion ruling the jury could reasonably

---

1. Thomasko claimed One Hundred and Sixteen Thousand Dollars ($116,000.00) in damages for doctor visits, two new breast implants, lost wages, as well as pain and suffering.

find Thomasko negligent in failing to take all precautions to avoid the accident.[2]

The jury deliberated for approximately an hour and a half before sending a note to the judge asking: "If we find fault by the defendant and neglect by the defendant but do not feel that injuries were sustained by the accident, who do we rule for?" The trial judge instructed the jury that if Thomasko failed to prove damages caused by the accident, then she failed to prove her case. The jury continued deliberations for three more minutes and returned with a general verdict for Poole.

Thomasko argues on appeal that the trial judge's denial of her motion for directed verdict on the issue of comparative negligence was error requiring a new trial.

## ISSUES

I.  Did Thomasko preserve the issue of whether the trial judge erred in denying her motion for a directed verdict?

II.  Did the trial court err in denying Thomasko's motion for a directed verdict on the issue of comparative negligence?

III.  If the denial of the motion for directed verdict was error, did the ruling constitute prejudice sufficient to require a new trial?

## LAW/ANALYSIS

### I

■ As a threshold issue, Poole argues Thomasko failed to object to the trial judge's jury instruction and thus failed to preserve the directed verdict ruling for appellate review. We disagree.

■ An appellate court cannot address an issue unless first raised by appellant and ruled on by the trial judge. *Staubes v. City of Folly Beach*, 339 S.C. 406, 529 S.E.2d 543 (2000). Thomasko moved for a directed verdict on the issue of com-

---

**2.** The trial judge reasoned the jury could find Thomasko failed to take precautions to avoid the accident because it was not a "bad accident."

parative negligence. The trial judge denied the motion. Thomasko objected, on the record, to the denial. She was not required to object again to the subsequent jury instruction regarding comparative negligence. The issue is preserved for our review.

## II

■ Thomasko argues the trial judge committed reversible error by denying her motion for directed verdict. We disagree.

■ The law of comparative negligence controls this case. *See Nelson v. Concrete Supply Co.*, 303 S.C. 243, 399 S.E.2d 783 (1991). Under comparative negligence, the plaintiff's contributory negligence does not bar recovery unless that negligence exceeds defendant's. *Id.; see* Hubbard & Felix, *The South Carolina Law of Torts* 174 (2d ed.1997).

■ A trial judge, when ruling on a motion for directed verdict, must view the evidence in the light most favorable to the non-moving party. *Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 542 S.E.2d 728 (2001). In a comparative negligence case, the trial court should grant the motion if the sole reasonable inference from the evidence is the non-moving party's negligence exceeded fifty percent. *Bloom v. Ravoira*, 339 S.C. 417, 529 S.E.2d 710 (2000). Because the term is relative and dependant on the facts of a particular case, comparing the negligence of two parties is ordinarily a question of fact for the jury. *Creech v. South Carolina Wildlife and Marine Res. Dep't*, 328 S.C. 24, 32, 491 S.E.2d 571, 575 (1997); *Mahaffey v. Ahl*, 264 S.C. 241, 214 S.E.2d 119 (1975). For these reasons, this Court is reticent to endorse directed verdicts in cases involving comparative negligence.

■ A plaintiff, to establish a cause of action for negligence, must prove the following four elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; (3) resulting in damages to the plaintiff; and (4) damages proximately resulted from the breach of duty. *Bloom v. Ravoira, supra.* "An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff."

*Bishop v. S.C. Dep't of Mental Health,* 331 S.C. 79, 86, 502 S.E.2d 78, 81 (1998).

Both Poole and Thomasko have duties. Thomasko has a duty to adjust her speed to conditions and hazards. S.C.Code Ann. § 56–5–1520 (Supp.2000). Poole has a duty to yield to the favored driver, Thomasko, before switching lanes. S.C.Code Ann. § 56–5–1900 (Supp.2000).

Both parties have a duty to keep a reasonable lookout to avoid hazards on the highway. *See* 60A C.J.S. *Motor Vehicles* §§ 247, 343 (1969)(Having the right of way does not excuse an individual from the common law duty to keep a reasonable lookout to avoid hazards); *Cf. Brown v. Howell,* 284 S.C. 605, 327 S.E.2d 659 (1985)(Motorists must use ordinary care in keeping a proper lookout for vehicles approaching an intersection). The relation between contributory negligence and the common law duty to keep a reasonable lookout is not a novel issue. *See e.g., Williams v. Kinney,* 267 S.C. 163, 226 S.E.2d 555 (1976); *Wilson v. Marshall,* 260 S.C. 271, 195 S.E.2d 610 (1973).

This Court in *Williams v. Kinney, supra,* reversed a trial court's directed verdict on the issue of contributory negligence. In the case, the defendant stopped at a traffic light in the left lane. Plaintiff, following Defendant's vehicle, drove to the right lane. Defendant attempted to make a right hand turn from the left lane in violation of South Carolina law and collided with Plaintiff.

Plaintiff argued Defendant negligently failed to observe his turn signal. Defendant admitted she did not see Plaintiff's signal, but countered no reasonable person would expect a driver to turn right from the left lane. This Court held, "[w]hether the failure of [Plaintiff], who was following [Defendant], to observe the flashing turn signals was a causative factor was for the jury . . . [t]he jury could have concluded that this collision occurred due to the failure of the [Plaintiff] to observe the turning signals." *Id.,* 267 S.C. at 166–67, 226 S.E.2d at 556.

In *Wilson v. Marshall, supra,* this Court again reversed the trial court's granting Plaintiff's motion for directed verdict. The uncontradicted evidence showed Defendant failed to stop at an intersection as required by law. Instead, Defendant

proceeded into the intersection and was struck by Plaintiff. Despite an unobstructed view, Plaintiff testified he did not see Defendant until moments before impact. The Court held that although the evidence left little doubt Defendant was the primary cause of the collision the jury could have reasonably inferred that Plaintiff failed "to exercise due care in keeping a proper lookout and driving at an appropriately reduced speed under the circumstances." *Id.* 260 S.C. at 276, 195 S.E.2d at 612.

Viewing the evidence in the light most favorable to Poole, the evidence shows he came to a stop before entering the highway and observed two vehicles 150–200 feet away. Poole, exiting the parking lot, crossed over two lanes of traffic before the collision between Poole's and Thomasko's vehicles. Poole's vehicle did not speed quickly through the lanes, but traveled across the road at 8–10 miles per hour.

Although nothing obstructed Thomasko from seeing Poole's vehicle, she did not notice the vehicle until it was upon her. Thomasko testified seeing a brown vehicle coming towards her. Poole's vehicle was white. Poole crossed in front of Thomasko, causing her vehicle to strike the vehicle at the rear wheel. There is no evidence Thomasko attempted to stop before the crash.

Thomasko asserts the trial court misinterpreted the evidence and erroneously relied on the severity of the accident in denying her motion for a directed verdict. The severity and location of the damage to both vehicles could have bolstered Poole's version of the accident.

The damage to both vehicles was slight, suggesting both were traveling at a low rate of speed. The damage occurred at Thomasko's front end and near Poole's rear tire, suggesting Thomasko ran into Poole as he proceeded across traffic at an angle. The damage to the vehicles suggests both Thomasko and Poole were negligent in failing to keep a reasonable lookout.

Several inferences could be drawn from the facts, including, finding Poole or Thomasko could have failed to keep a proper lookout. A jury could find Poole blind-sided Thomasko or Thomasko was blind to her duty to keep a reasonable lookout. This Court is required to affirm the trial court's denial of a

motion for directed verdict where multiple inferences can be drawn from the evidence. *In re Matthews,* 345 S.C. 638, 550 S.E.2d 311 (2001); *Swinton Creek Nursery v. Edisto Farm Credit,* 334 S.C. 469, 514 S.E.2d 126 (1999).

Thomasko's failure to keep a proper lookout is a jury question. *See Mahaffey v. Ahl, supra,* (this Court held whether driver should have seen an individual approaching on a motorbike in time to stop or slow down to avoid an accident was a jury question); *Spurlin v. Colprovia Prod. Co.,* 185 S.C. 449, 194 S.E. 332 (1937). As an appellate court we decide issues of law leaving determination of the facts and credibility of witnesses to the jury. This Court's sole task is to determine if multiple inferences can be drawn from the evidence of Thomasko's negligence to uphold the denial of her motion for directed verdict. Viewing the evidence in light most favorable to Poole, we **AFFIRM.**[3]

MOORE and WALLER, JJ., concur. TOAL, C.J., dissenting in a separate opinion in which Acting Justice MARC H. WESTBROOK, concurs.

TOAL, Chief Justice:

I respectfully dissent. I agree with the majority that Thomasko properly preserved the directed verdict motion for appellate review. However, I would hold that the trial judge erred in denying Thomasko's motion for directed verdict and that Thomasko was prejudiced by the error.

In deciding a motion for directed verdict, the trial judge must consider the evidence in the light most favorable to the party opposing the motion. *Wintersteen v. Food Lion, Inc.,* 344 S.C. 32, 542 S.E.2d 728 (2001). If multiple inferences can be drawn from the evidence, this Court is required to affirm the trial court's denial of the motion. *In re Matthews,* 345 S.C. 638, 550 S.E.2d 311 (2001); *Swinton Creek Nursery v. Edisto Farm Credit,* 334 S.C. 469, 514 S.E.2d 126 (1999). Inversely, if there is no evidence to support a material element of the plaintiff's cause of action, the issue should have never gone to the jury, and this Court is required to reverse the trial

---

**3.** Because denial of the motion for directed verdict was not in error, we do not address the third issue.

court's denial of the motion. *Young v. Tide Craft, Inc.,* 270 S.C. 453, 242 S.E.2d 671 (1978). Here, I cannot find any evidence in the record to support the trial court's ruling.

The record reflects that Poole looked in the direction of oncoming traffic before exiting the Wal–Mart parking lot. He stated that he saw two cars approaching his position both approximately 150–200 feet away. He then pulled out of the parking lot and proceeded to switch lanes at a speed of 8–10 miles/hour until he reached the third lane and struck Thomasko's vehicle.

In my opinion, the evidence favoring Poole's defense of comparative negligence, even in the light most favorable to him, is insufficient to present a jury question. Poole claims the following facts support his position that Thomasko was comparatively negligent:

1. Poole testified that when he exited the Wal–Mart parking lot, there were only two vehicles approaching his position. Each of the two vehicles were at least 150 feet from Poole's position.

2. Poole testified that he began to cross three lanes at a speed of 8–10 miles/hour. Upon reaching the third lane, Poole testified that he felt his vehicle impact with Thomasko's vehicle.

3. Poole testified that he never saw Thomasko's vehicle until after impact.

4. Thomasko testified that she did not see Poole's vehicle until the moment before impact.

Based on these facts, the trial judge allowed the issue of plaintiff's comparative negligence to go to the jury stating that the jury could have found Thomasko was negligent in failing to avoid the accident because it was not a "bad accident."

First, I disagree that there was any evidence presented to the jury which even suggested Thomasko was negligent. The defense failed to produce evidence of speeding, violation of traffic laws, driver impairment, vehicle impairment, or any other type evidence which could support a reasonable inference of negligence on the part of Thomasko. The fact that Thomasko does not remember seeing Poole prior to the mo-

ment of impact creates, at most, mere speculation as to Thomasko's negligence.

I agree with the Respondent and the majority that Thomasko has a duty to keep a reasonable lookout and adjust her speed to conditions pursuant to S.C.Code Ann. § 56–5–1520 (Supp.2000). However, mere accusation or speculation Thomasko may have failed to keep a proper lookout, without more, cannot rise to the level of negligence as a matter of law. To hold otherwise, as the majority's has done, will require the trial court to submit the issue of comparative negligence to the jury in every car accident case even without any evidence of negligence on the part of the plaintiff.

In addition, Thomasko was the favored driver because she was driving within the lane that Poole was entering. S.C.CODE ANN. § 56–5–1900 (Supp.2000) states that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that such movement can be made with safety." Therefore, it was Poole's duty to yield to all southbound traffic before switching lanes. It strains logic to impose a duty on Thomasko to avoid being blind-sided by Poole as the result of his negligence without some evidence of Thomasko's own negligence.

Second, I do not agree that the severity of the accident alone should allow an inference of negligence. To entertain this argument would make the decision of whether to grant a directed verdict dependant on the trial judge's judgment as to the severity of the accident. This is not a precedent I am willing to create.

Poole argues that even if the denial of the Motion for Directed Verdict was in error, Thomasko suffered no prejudice. Poole argues that the jury's question to the bench, combined with the timing of the verdict suggests that the jury found Thomasko did not sustain damages in the accident. I disagree.

When deliberating, the jury foreman came back with the following question: "If we find fault by the defendant and neglect by the defendant but do not feel that injuries were sustained by the accident, who do we rule for?" There is no indication as to whether this was a question by the entire jury

or just the foreman. In response to this question, the trial judge charged the jury that damages were an essential element in a cause of action for negligence; therefore, if the Plaintiff failed to prove damages, then she failed to prove her case. Three minutes later, the jury returned with a general verdict for Poole.

It is well established that an appellant seeking reversal of a decision by the trial court must show both error and prejudice. *McKissick v. J.F. Cleckley & Co.,* 325 S.C. 327, 479 S.E.2d 67 (1996). An alleged error does not prejudice the Appellant if the appellate court determines beyond a reasonable doubt that the alleged error did not contribute to the verdict. *Wells v. Halyard,* 341 S.C. 234, 533 S.E.2d 341(2000); *Visual Graphics Leasing Corp., Inc., v. Lucia,* 311 S.C. 484, 429 S.E.2d 839 (1993).

The jury returned a general verdict for Poole. Therefore, either the jury found (1) Thomasko was at least 51% at fault for the accident, or (2) Thomasko failed to prove damages. Because the verdict was a general verdict, drawing any conclusion from the jury's question would be nothing more than speculation.

### CONCLUSION

Based on the foregoing reasons, I would **REVERSE** and order a new trial.

WESTBROOK, A.J., concurs.