**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bill R. Sharpe and Angela Sharpe, Respondents,

v.

Rocky Rutherford, Legacy Equipment, Inc., and G.A. West and Company, Inc., Appellants.

Appellate Case No. 2023-000060

———————

Appeal From Richland County
Jean Hoefer Toal, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-415
Submitted October 1, 2024 – Filed December 11, 2024

———————

**REVERSED AND REMANDED**

———————

Phillip Florence, Jr. and Everett Augustus Kendall, II, both of Murphy & Grantland, PA, of Columbia, for Appellants.

Gary Walton Popwell, Jr., of Lee Eadon Isgett & Popwell, of Columbia, for Respondents.

———————

**PER CURIAM:** This comparative negligence case stems from a collision between a pickup truck and an eighteen-wheeler at the intersection of South Beltline Boulevard and Bluff Road in Columbia. The circuit court granted summary

judgment on liability, finding there was no genuine dispute that the driver of the eighteen-wheeler was responsible for the collision. We respectfully disagree with the finding that there are no genuine issues of material fact. For that reason, we reverse.

"An appellate court reviews a grant of summary judgment under the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." *Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002). South Carolina courts no longer apply the "mere scintilla" standard when reviewing motions for summary judgment. *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023). Instead, "summary judgment is proper when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" *Baughman v. Am. Tel. and Tel. Co.*, 306 S.C. 101, 114–15, 410 S.E.2d 537, 545 (1991) (alteration in original) (quoting Rule 56(c), SCRCP).

To prove negligence, a plaintiff must show: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty through a negligent act or omission; (3) the breach resulted in damages to the plaintiff; and (4) those damages proximately resulted from the breach. *Thomasko v. Poole*, 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002) (citing *Bloom v. Ravoira*, 339 S.C. 417, 529 S.E.2d 710 (2000)). The law bars recovery if the plaintiff's negligence exceeds fifty percent of the comparative fault. *Id.* (citing *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 399 S.E.2d 783 (1991)). "It is only in the 'rare' instance—when the evidence generates only a single inference—that summary judgment is proper in a comparative negligence action." *Abdelgheny v. Moody*, 432 S.C. 346, 350, 852 S.E.2d 225, 227 (Ct. App. 2020) (citing *Bloom*, 339 S.C. at 424–25, 529 S.E.2d at 714).

As drivers in South Carolina, both parties here had respective duties they were obligated to uphold. Rocky Rutherford, the driver of the eighteen-wheeler, was required to yield to oncoming traffic when making his left turn onto South Beltline. *See* S.C. Code Ann. § 56-5-2320 (2018); *see also Warren v. Watkins Motor Lines*, 242 S.C. 331, 340, 130 S.E.2d 896, 901 (1963) ("A motorist . . . must yield the right of way to vehicles approaching so closely as to constitute an immediate hazard."). Bill Sharpe, the driver of the pickup truck, was obligated to "keep a reasonable lookout to avoid hazards on the [roadway]," even if he had the right-of-way. *See Thomasko*, 349 S.C. at 12, 561 S.E.2d at 598.

Sharpe's main argument on appeal is that Rutherford presented no evidence, other than his own deposition testimony, suggesting that Sharpe was comparatively

negligent in causing this accident. This is a strong argument, and we considered whether Rutherford's testimony—the only evidence he relies on in opposing summary judgment—was enough to withstand Sharpe's summary judgment motion. *See, e.g., Kitchen Planners*, 440 S.C. at 464, 892 S.E.2d at 302 (stating the nonmoving party failed to "provide a meaningful factual basis on which a factfinder could [find in that party's favor]"). Still, we conclude summary judgment was improper here for at least two reasons.

First, "[s]ummary judgment is not appropriate where further inquiry into the facts of the case is desirable" to adjudicate a case as a matter of law. *Middleborough Horizontal Prop. Regime Council of Co-Owners v. Montedison S.p.A.*, 320 S.C. 470, 479, 465 S.E.2d 765, 771 (Ct. App. 1995). As outlined below, the scant evidence in the record presents a classic case of conflicting witness testimony and raises colorable questions of comparative negligence.

Rutherford claimed that he waited for traffic to clear before beginning his left turn and said Sharpe "came out of nowhere." Rutherford stated that at that point, the collision was unavoidable. Rutherford believed Sharpe's speed "had to have been pretty excessive" based on how hard the collision shook his truck. Rutherford's account requires an inference that Sharpe was driving at such a significant speed that he was not visible when Rutherford initiated his turn but came fast enough to strike Rutherford's vehicle before Rutherford could complete the turn. His account also requires the inference that Sharpe was not properly looking out before entering the intersection.

Sharpe asserted that he was driving at or under the speed limit when he arrived at the intersection and saw Rutherford stopped in the turn lane. Sharpe said that Rutherford did not start his turn until after Sharpe arrived at or had already begun driving through the intersection. Sharpe said that he did not have time to avoid the collision because Rutherford turned in front of him so quickly. This account requires an inference that Rutherford's vehicle—an eighteen-wheeler, which, according to Sharpe, was stationary when Sharpe entered the intersection—accelerated, crossed over multiple traffic lanes, and ended up directly in front of and perpendicular to Sharpe's oncoming vehicle within a few seconds.

There is also a direct conflict as to how far along Rutherford was in his turn when the collision occurred. Sharpe said he hit the "tail end" of Rutherford's truck and "the front of the trailer [Rutherford] was toting." This would suggest that Rutherford was decently far along in his turn at the time of the collision. Rutherford stated that Sharpe hit the front tire and front bumper on Rutherford's passenger side, which

would indicate the opposite. The only photographic evidence before us captures the damage to Sharpe's vehicle but does not show the point of impact on Rutherford's eighteen-wheeler.

We read the conflicting deposition testimonies as pointing to opposing inferences about how the accident occurred and which party is at fault. We emphasize that we make no determination as to the weight of either party's testimony. *See David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 250, 626 S.E.2d 1, 5 (2006) ("A court considering summary judgment neither makes factual determinations nor considers the merits of competing testimony . . . ."); *cf. Abdelgheny*, 432 S.C. at 349–50, 852 S.E.2d at 227 ("[T]he court's duty at [the summary judgment] stage is to presume the credibility of the evidence."). Instead, we have summarized the testimony only to illustrate why summary judgment was inappropriate. *See Standard Fire Co. v. Marine Contracting & Towing Co.*, 301 S.C. 418, 422, 392 S.E.2d 460, 462 (1990) ("All inferences from facts in the record must be viewed in the light most favorable to the party opposing the motion for summary judgment."); *id.* ("The grant of summary judgment is appropriate only if it is clear that no genuine issue of material fact exists, that inquiry into the facts is not desirable to clarify the application of the law, and that the movant is entitled to judgment as a matter of law.").

The second reason we find summary judgment should not have been granted is that questions of comparative negligence are typically left for the factfinder. *See Abdelgheny*, 432 S.C. at 350, 852 S.E.2d at 228 ("It is only in the '*rare*' *instance*— when the evidence generates only a *single inference*—that summary judgment is proper in a comparative negligence action." (emphases added) (citing *Bloom*, 339 S.C. at 424–25, 529 S.E.2d at 714)); *see also, e.g.*, *Thomasko*, 349 S.C. at 13–14, 561 S.E.2d at 600 (finding comparative negligence, specifically in terms of whether a driver kept a proper lookout, to be an issue for the jury when "[s]everal inferences could be drawn from the facts, including finding [the defendant or plaintiff] could have failed to keep a proper lookout"); *Wilson v. Marshall*, 260 S.C. 271, 276, 195 S.E.2d 610, 612 (1973) (reversing a direct verdict and remanding for a new trial when the appellate court concluded the evidence was susceptible to a reasonable inference that the plaintiff failed "to exercise due care in keeping a proper lookout and driving at an appropriately reduced speed under the circumstances," even though the evidence left little doubt that the defendant was the primary cause of the collision).

We decline to address any remaining issues based on the dispositive nature of the grounds outlined above. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335

S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling it unnecessary for an appellate court to address remaining issues when its resolution of a prior issue is dispositive).

Accordingly, the circuit court's order is

**REVERSED AND REMANDED.**[1]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.