23836

Det F. BOWERS, Jr., Respondent v. William E.S. ROBINSON, Individually and as Receiver of Anderson Retirement Corporation; Pauline Lide; Mildred Clarke; The Anderson Retirement Corporation, d/b/a Anderson Place; and The Continental Insurance Company, Appellants.

(429 S.E. (2d) 799)

Supreme Court

*Robert J. Thomas* of *Sherill & Rogers*, and *V. Jean Burkins*, Columbia, *for appellants*.

*Joel W. Collins, Jr.*, and *Arthur K. Aiken*, of *Collins & Lacy*, Columbia, *for respondent*.

Heard Feb. 1, 1993.

Decided April 12, 1993.

TOAL, Justice:

The issue presented in this appeal is whether service of an unnecessary motion to amend with a proposed amended complaint constitutes proper service of the amended complaint, so if it is not answered, a default judgment may be entered. We hold it does not. Accordingly, we reverse the trial judges' entering of default judgment and remand for trial.

## PROCEDURAL HISTORY

This declaratory judgment and conversion action was brought by the plaintiff upon service of a summons and complaint on September 25, 1989. The defendants filed a motion to dismiss on November 6, 1989. While the motion was pending, the plaintiff filed a motion to amend his complaint. He served the motion to amend and a copy of the proposed amended complaint on January 30, 1990 by personal delivery from plaintiff's counsel to defendants' counsel at the hearing on the defendants' motion to dismiss. On February 19, 1990, defendants' motion to dismiss was denied and a preliminary injunction granted to plaintiff which required defendant Robinson to escrow certain disputed funds in an interest-bearing account. On March 1, 1990, the motion to amend the complaint was granted. On March 22, 1990, the plaintiff moved for a default judgment on the amended complaint. The defendants contested the entry of the default judgment on the basis that no amended complaint was served after the motion to amend was granted. Upon the urging of the trial court, the defendants filed an answer addressing both the original complaint and the amended complaint on May 4, 1990. Nevertheless, the trial court entered a default judgment on the amended complaint on May 24, 1990. The defendants appeal the entry of a default judgment and the denial of their motion to set aside the judgment.

## LAW/ANALYSIS

A defendant has thirty days from the date of service of the complaint to serve his answer. Rule 12(a), SCRCP. A defen-

dant's motion to dismiss stays the time for service of the answer until fifteen days after notice of the court's action. *Id.* Before this time period had expired, the plaintiff had filed the motion to amend his complaint. An amended complaint must be answered within the time remaining for response to the original pleading or within fifteen days after service of the amended complaint, whichever period is longer, unless otherwise ordered by the court. Rule 15(a), SCRCP.

The trial court reasoned that since plaintiff's motion to amend was unnecessary, it essentially had no effect. Therefore, the service of the amended complaint was effective when the motion to amend was served with the copy of the proposed amended complaint. According to the trial court, the defendants' answer to the proposed amended complaint became due within fifteen days of service of the motion to amend; however, the motion to dismiss stayed the time period to fifteen days from notice of the court's denial of the motion to dismiss.

We agree the motion to amend was not necessary. Rule 15(a) allows parties to amend their pleadings once as a matter of course at any time before or within thirty days after a responsive pleading is served. The motion to dismiss did not alter the time allowed to the plaintiff to amend his complaint as a matter of right. Rule 7(a), *accord* 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1483, at 585 (1990); 3 *Moore's Federal Practice* ¶ 15.07[2], at 15-33 (1992). Therefore, leave of court was not necessary. Nevertheless, the motion to amend was in fact made and before the court. We do not agree the defendants were required to proceed as though the motion to amend had not been filed by answering the proposed amended complaint within fifteen days of service of the plaintiff's motion to amend, or, as it happened in this case, within fifteen days of the denial of the motion to dismiss. Under the trial court's reasoning, if not for the pending motion to dismiss, the defendants would have been required to file an answer to the proposed amended complaint before the order granting the motion to amend was issued. The motion to amend the complaint was unnecessary but not a nullity. *Dunbar v. Fant*, 174 S.C. 49, 176 S.E. 866 (1934) (held an unnecessary motion to amend waived right to amend as a matter of course under prior rules). The plaintiff's service of

the copy of the proposed amended complaint with the motion to amend was completely consistent with general practice regarding a motion seeking the court's leave to amend. *See Lempert v. Singer*, 766 F.Supp. 1356 (D. Vir. Islands 1991) (motion to amend complaint denied for the failure to include proposed amendment). Service of a proposed amended complaint with a motion to amend the complaint does not, however, effect service of the amended complaint itself.

We note the answer was due on the original complaint; however, the default judgment order was sought and granted on the amended complaint. Accordingly, we hold the trial court erred in entering a default judgment on the amended complaint.

Additionally, the plaintiff admits the preliminary injunction issued on February 21, 1990 is in violation of the automatic stay provision of the Bankruptcy Code; accordingly, it is vacated.

Reversed and remanded.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.