**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Harold Estes Blackwell, Jr., Appellant,

v.

Toby Woodard, Respondent.

Appellate Case No. 2017-002635

———

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

———

Unpublished Opinion No. 2021-UP-040
Submitted January 1, 2021 – Filed February 10, 2021

———

**AFFIRMED**

———

Harold Estes Blackwell, Jr., of Union, pro se.

Amy Miller Snyder, of Clawson & Staubes, LLC, of
Greenville, for Respondent.

———

**PER CURIAM:** Harold Estes Blackwell, Jr., pro se, appeals the circuit court's order (1) dismissing his amended complaint for failure to state a claim for which relief can be granted, (2) denying Toby Woodard's motion to strike the amended complaint, (3) declining to order sanctions against Blackwell, and (4) denying Blackwell's Rule 59(e), SCRCP motion to reconsider. On appeal, Blackwell raises the following issues: (1) Did the circuit court err in holding Blackwell to the same

pleading standards as that of an attorney; (2) Did the circuit court err by using Rule 12(c), SCRCP, as the legal standard; (3) Did the circuit court bear the appearance of impropriety in its findings of fact in this case; (4) Did the circuit court err in finding Woodard had no duty of care to Blackwell; (5) Did the circuit court abuse its discretion in dismissing Blackwell's claim for outrage; (6) Did the circuit court abuse its discretion in finding Blackwell was guilty of stalking Anita Jane Miller; (7) Did the circuit court abuse its discretion in determining the alleged defamatory publications of Woodard are equivocal to "annoyance that occurs in everyday life"; (8) Did the circuit court err in finding the proposed amended complaint was controlling; (9) Did the circuit court abuse its discretion by drawing factual conclusions not supported by the evidence in regards to Blackwell's claim of defamation per se; and (10) Did the circuit court abuse its discretion by making a determination that did not construe the pleadings in a light most favorable to the nonmoving party.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issues one and five, we find the circuit court did not err by holding Blackwell to the same pleading standard as an attorney.  *See State v. Burton*, 356 S.C. 259, 265 n.5, 589 S.E.2d 6, 9 n.5 (2003) ("A pro se litigant who knowingly elects to represent himself assumes full responsibility for complying with substantive and procedural requirements of the law.").

2. As to issue two, we find the circuit court properly dismissed Blackwell's complaint pursuant to Rule 12(b)(6), SCRCP, and based its findings solely on the factual allegations set forth in Blackwell's proposed amended complaint.  *See* Rule 12(b)(6), SCRCP ("Every defense, in law or fact, to a cause of action in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state facts sufficient to constitute a cause of action . . . .  A motion making any of these defenses shall be made before pleading if a further pleading is permitted. . . .  If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state facts sufficient to constitute a cause of action, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); *Fabian v. Lindsay*, 410 S.C. 475, 481, 765 S.E.2d 132, 136 (2014) ("A ruling on a motion to dismiss pursuant to Rule 12(b)(6) must be based solely on the factual allegations set forth in the complaint, and the court must consider all well-pled allegations as true."

(quoting *Disabato v. S.C. Ass'n of Sch. Adm'rs,* 404 S.C. 433, 441, 746 S.E.2d 329, 333 (2013))); *id.* ("If the facts alleged and inferences reasonably deducible therefrom, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, dismissal under Rule 12(b)(6) is improper." (quoting *Carnival Corp. v. Historic Ansonborough Neighborhood Ass'n,* 407 S.C. 67, 74-75, 753 S.E.2d 846, 850 (2014))).

3. As to issue four, we find the circuit court did not err by finding Woodard did not owe Blackwell a duty of care because it is unreasonable to find Blackwell's thirty minute phone conversation with Woodard to discuss Blackwell's ex-wife's possible treatment at a center where Woodard was employed, Woodard's mere engagement in the Facebook conversation, and Blackwell's ex-wife's admittance to the treatment center where Woodard worked created a legal duty of care owed to Blackwell. *See Thomasko v. Poole,* 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002) ("A plaintiff, to establish a cause of action for negligence, must prove the following four elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; (3) resulting in damages to the plaintiff; and (4) damages proximately resulted from the breach of duty."); *Shaw v. Psychemedics Corp.*, 426 S.C. 194, 197-98, 198, 826 S.E.2d 281, 282 (2019) ("If there is no duty, then the defendant in a negligence action is entitled to judgment as a matter of law." (quoting *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 135-36, 638 S.E.2d 650, 656 (2006))); *id.* at 198, 826 S.E.2d at 283 ("Generally, '[t]here is no formula for determining duty; a duty is not sacrosanct in itself but only an expression of the sum total of those considerations of policy which lead the law to say that a particular plaintiff is entitled to protection.'" (quoting *Araujo v. S. Bell Tel. & Tel. Co.*, 291 S.C. 54, 57-58, 351 S.E.2d 908, 910 (Ct. App. 1986) (alteration in original))); *id.* ("South Carolina courts 'will not extend the concept of a legal duty of care in tort liability beyond reasonable limits.'" (quoting *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 48, 644 S.E.2d 43, 46 (2007))).

4. As to issue six, we find the circuit court did not err by finding Blackwell was the subject of a police protection order for stalking his ex-wife, and it does not amount to the court finding Blackwell was guilty of stalking. *See Fabian v. Lindsay*, 410 S.C. 475, 481, 765 S.E.2d 132, 136 (2014) ("A ruling on a motion to dismiss pursuant to Rule 12(b)(6) must be based solely on the factual allegations set forth in the complaint, and the court must consider all well-pled allegations as true." (quoting *Disabato*, 404 S.C. at 441, 746 S.E.2d at 333)).

5. As to issue eight, we find Blackwell properly served the proposed amended complaint. *See* Rule 5(a), SCRCP ("Unless otherwise ordered by the court because of numerous defendants or other reasons, all . . . pleadings subsequent to the original summons and complaint, which includes answers, counterclaims, cross claims, replies and amended complaints . . . shall be served upon each of the parties of record."); Rule 5(b)(1), SCRCP ("Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address . . . . Service by mail is complete upon mailing of all pleadings and papers subsequent to service of the original summons and complaint."). Because the proposed amended complaint was properly served, we find the circuit court did not err in finding the proposed amended complaint was controlling. *See* Rule 15(a), SCRCP ("A party may amend his pleading once as a matter of course at any time before or within 30 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial roster, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires and does not prejudice any other party."); *Bowers v. Robinson*, 311 S.C. 412, 414-15, 429 S.E.2d 799, 800 (1993) ("The plaintiff's service of the copy of the proposed amended complaint with the motion to amend was completely consistent with general practice regarding a motion seeking the court's leave to amend."); *c.f. id.* at 415, 429 S.E.2d at 800 ("Service of a proposed amended complaint with a motion to amend the complaint does not, however, effect service of the amended complaint itself."). Furthermore, the circuit court found neither the proposed amended complaint nor the filed amended complaint stated facts sufficient to constitute a cause of action.

6. As to issue three, we find this issue is not preserved for appellate review because Blackwell failed to raise this issue to the circuit court. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

7. As to issues seven, nine, and ten, we find these issues have been abandoned on appeal. Blackwell failed to cite any case law or made only conclusory statements in support of these arguments. *See S.C. Dep't of Transp. v. M & T Enterprises of Mt. Pleasant, LLC*, 379 S.C. 645, 659, 667 S.E.2d 7, 14 (Ct. App. 2008) ("[E]ven if an issue is preserved at the trial court level, it must still be properly raised and argued to the appellate court."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states

that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.