**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Amy Garrett, as Parent and Natural Guardian of C.A.V.S., Respondent,

v.

Antoine Van Steenwijk, Appellant.

And

Amy Garrett, Respondent,

v.

Antoine Van Steenwijk, Appellant.

Appellate Case No. 2017-000636

---

Appeal From Colleton County
Perry M. Buckner, III, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-368
Submitted May 8, 2019 – Filed November 20, 2019

---

**REVERSED**

---

David Starr Cobb, of Turner Padget Graham & Laney, PA, of Charleston, for Appellant.

Randolph Murdaugh, IV, and Neil Edward Alger, both of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Hampton, for Respondent.

_____

**PER CURIAM:**   Amy Garrett brought these negligence actions against her husband, Antoine Van Steenwijk, on behalf of herself and their minor child, seeking damages for personal injuries she and her child suffered while passengers in a sport utility vehicle (SUV) driven by Van Steenwijk.   The trial court granted Garrett summary judgment as to liability only.   On appeal, Van Steenwijk argues there was a genuine issue of material fact as to whether his actions were negligent.   We agree and reverse.

## I.

South Carolina residents Garrett, Van Steenwijk, and their minor child were vacationing in Texas, traveling on I-10 in a Ford Excursion driven by Van Steenwijk. The Excursion was pulling a thirty-foot Airstream trailer.   It was a hot day, around 100 degrees.   The family had left a campground several hours before, bound for Austin, when they began hearing a noise, and noticed the Excursion and its contents were shaking.   Van Steenwijk pulled off the interstate at an exit in a desolate area, where he inspected the rig, checked the tire pressure, and found no apparent cause of the noise or vibration.   He even ran beside the rig as Garrett drove it at a slow speed in an attempt to discover the cause.   Due to the heat and the remoteness of the area, Van Steenwijk decided to return to the interstate, though Garrett questioned the decision and suggested they call a tow truck.   He resumed driving at seventy miles per hour, his normal speed with the trailer in tow (the posted speed limit was eighty). The noise and vibration also resumed.   Less than an hour later, a loud explosion erupted (the left rear tire had blown), and Van Steenwijk soon lost control of the rig, which left the road and crashed into a grove of trees, injuring Garrett and their son.

Garrett later brought these negligence claims against Van Steenwijk.   At her deposition, Garrett testified that although Van Steenwijk tried to identify the problem with the rig, she blamed him for causing the wreck, believing "he could have gone slower."   Van Steenwijk testified the accident was his fault, that he had been driving too fast, and at a slower speed "the rig would have been able to stop before hitting the trees."   He also admitted he did not think of using the emergency lane.

The trial court granted Garrett summary judgment as to Van Steenwijk's liability, finding him negligent as a matter of law but denied summary judgment on the issues of proximate cause, damages, and Garrett's comparative negligence.

## II.

We review grants of summary judgment using the same lens as the trial court: we view the facts in the light most favorable to Van Steenwijk, draw all reasonable inferences in his favor, and may grant summary judgment only if "there is no genuine issue as to any material fact." *Gibson v. Epting*, 426 S.C. 346, 350, 827 S.E.2d 178, 180 (Ct. App. 2019) (quoting Rule 56(c), SCRCP). Summary judgment must be denied if Van Steenwijk demonstrates a scintilla of evidence that his conduct was not negligent.

Negligence is defined as the failure to act as a reasonable, prudent person would under the same or similar circumstances. *Berberich v. Jack*, 392 S.C. 278, 287, 709 S.E.2d 607, 612 (2011). Van Steenwijk maintains a factual dispute exists as to whether he—on notice of a persistent noise loud enough to resonate in the passenger compartment and forceful enough to shake a large SUV and a thirty-foot Airstream trailer—acted reasonably in continuing to drive on the interstate at his normal speed.

Whether a party's conduct amounts to negligence is a question often reserved for the jury. *Fisher v. Shipyard Vill. Council of Co-Owners, Inc.*, 415 S.C. 256, 272–73, 781 S.E.2d 903, 912 (2016); *Wilson v. Marshall*, 260 S.C. 271, 274, 195 S.E.2d 610, 611 (1973). After drawing all reasonable inferences in Van Steenwijk's favor, the facts of his conduct and the rational conclusions that can be distilled from them admit of more than one inference. There is at least a scintilla of evidence that his conduct fit his defense of sudden emergency, especially when the trial court denied Garrett summary judgment as to the element of proximate cause. A jury might very well decide Van Steenwijk caused the emergency, but based on this record we cannot decide that as a matter of law. *See Clark v. Cantrell*, 339 S.C. 369, 392, 529 S.E.2d 528, 540 (2000) ("The sudden emergency doctrine is intended to protect a driver who, while acting with due care, suddenly finds herself in an emergency situation due to the negligent or wrongful acts of another. The doctrine does not apply when a party's own negligence creates the very emergency in which she finds herself.").

Although Van Steenwijk admitted his speed was excessive given the conditions, there is no evidence as to what speed would have prevented the loss. Without such evidence, we cannot say Van Steenwijk—as a matter of law—failed to keep the rig under proper control or was otherwise negligent. We understand there may be cases

where a party's admission of fault may be enough—standing alone—to prove negligence, but under the specifics of this case, it is not enough to foreclose other rational inferences about Van Steenwijk's conduct.

**REVERSED.**[1]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.